David T. Pollock (SBN 217546)
Email:    dpollock@reedsmith.com
Jonathan I. Detrixhe (SBN 258946)
Email: jdetrixhe@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Brian D. Roche (*pro hac vice*, Illinois
Bar No. 6183795)
Email: broche@reedsmith.com
Jillian L. Burstein (*pro hac vice*, Illinois
Bar No. 6312448)
Email: jburstein@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

*Attorneys for Defendant GE Healthcare, Inc.
and Counterclaimant-Plaintiff
General Electric Co.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONUMENT PEAK VENTURES, LLC,<br><br>Plaintiff and Counterclaim-<br>Defendant,<br><br> v.<br><br>GE HEALTHCARE, INC.,<br><br>Defendant,<br><br>GENERAL ELECTRIC CO.,<br><br>Counterclaimant-Plaintiff. | Case No.: 18-CV-1158 JLS (JLB)<br><br>**DEFENDANT GE HEALTHCARE, INC.'S  ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMANT-PLAINTIFF GENERAL ELECTRIC CO.'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

*REED SMITH LLP
A limited liability partnership formed in the State of Delaware*

Defendant GE Healthcare, Inc. ("GE Healthcare" or "Defendant") responds to Plaintiff Monument Peak Ventures, LLC's ("MPV" or "Plaintiff") Complaint for Patent Infringement and Demand for Jury Trial ("Complaint") as follows:

## ANSWER

## NATURE OF THE ACTION

1. GE Healthcare admits that this action purports to be an action for infringement under the patent laws of the United States, Title 35, United States Code.

2. Denied.

3. GE Healthcare admits that, on or about July 26, 2017, MPV contacted General Electric Co. ("GE") regarding patents allegedly owned by MPV. GE Healthcare admits that, on or about August 15, 2017, MPV provided GE access to a "data room." GE Healthcare denies the remaining allegations of paragraph 3 of the Complaint.

## THE PARTIES

4. GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5. GE Healthcare admits that it is a corporation organized under the laws of Delaware with a principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

6. GE Healthcare admits that this Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). GE Healthcare denies the remaining allegations of paragraph 6 of the Complaint.

7. GE Healthcare does not challenge personal jurisdiction. GE Healthcare denies the remaining allegations of paragraph 7 of the Complaint.

8. GE Healthcare does not challenge venue. GE Healthcare admits that GE does business in this judicial district. GE no longer employs people at 9276 Scranton

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Road, Suite 400, San Diego, CA 92121. GE Healthcare denies the remaining allegations of paragraph 8 of the Complaint.

**THE ASSERTED PATENTS**

9.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint, and therefore denies them.

10.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14.     GE Healthcare admits that it has not entered into a licensing agreement with MPV. GE Healthcare denies the remaining allegations of paragraph 14 of the Complaint.

**FIRST CAUSE OF ACTION**

**Infringement of Patent No. 7,062,085**

15.     GE Healthcare incorporates by reference its responses to paragraphs 1 through 14 above.

16.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and therefore denies them.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

17.     GE Healthcare admits, on information and belief, that U.S. Patent No. 7,062,085 ("the '085 patent") is titled "Method for detecting subject matter regions in images" and states on its face that it issued on June 13, 2006. GE Healthcare admits that a copy of what MPV alleges to be the '085 patent is attached to the Complaint as Exhibit A. GE Healthcare denies the remaining allegations of paragraph 17 of the Complaint.

18.     GE Healthcare admits that GE sells IN Carta image analysis software. GE Healthcare denies the remaining allegations of paragraph 18 of the Complaint.

19.     Denied.

20.     Denied.

21.     Denied.

22.     GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '085 patent. GE Healthcare denies the remaining allegations of paragraph 22 of the Complaint.

23.     Denied.

24.     GE Healthcare admits that GE has marketed IN Carta image analysis software. GE Healthcare admits that GE has provided technical support to its customers. GE Healthcare denies the remaining allegations of paragraph 24 of the Complaint.

25.     GE Healthcare admits that GE has provided technical support to its customers. GE Healthcare denies the remaining allegations of paragraph 25 of the Complaint.

26.     Denied.

27.     GE Healthcare admits that GE has provided IN Carta image analysis software and related documentation to GE's customers. GE Healthcare denies the remaining allegations of paragraph 27 of the Complaint.

28.     Denied.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

29.     GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '085 patent. GE Healthcare denies the remaining allegations of paragraph 29 of the Complaint.

30.     Denied.

31.     GE Healthcare admits that it has not entered into a licensing agreement with MPV. GE Healthcare denies the remaining allegations of paragraph 31 of the Complaint.

32.     Denied.

## SECOND CAUSE OF ACTION

## Infringement of Patent No. 7,092,573

33.     GE Healthcare incorporates by reference its responses to paragraphs 1 through 32 above.

34.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint, and therefore denies them.

35.     GE Healthcare admits, on information and belief, that U.S. Patent No. 7,092,573 ("the '573 patent") is titled "Method and system for selectively applying enhancement to an image" and states on its face that it issued on August 15, 2006. GE Healthcare admits that a copy of what MPV alleges to be the '573 patent is attached to the Complaint as Exhibit B. GE Healthcare denies the remaining allegations of paragraph 35 of the Complaint.

36.     GE Healthcare admits that GE has sold copies of Thoracic VCAR software in the United States. GE Healthcare denies the remaining allegations of paragraph 36 of the Complaint.

37.     Denied.

38.     Denied.

39.     Denied.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

40.     GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '573 patent. GE Healthcare denies the remaining allegations of paragraph 40 of the Complaint.

41.     Denied.

42.     GE Healthcare admits that GE has marketed Thoracic VCAR software. GE Healthcare admits that GE has provided technical support to its customers. GE Healthcare denies the remaining allegations of paragraph 42 of the Complaint.

43.     GE Healthcare admits that GE has provided technical support to GE's customers. GE Healthcare denies the remaining allegations of paragraph 43 of the Complaint.

44.     Denied.

45.     GE Healthcare admits that GE has provided Thoracic VCAR software and related documentation to GE's customers. GE Healthcare denies the remaining allegations of paragraph 45 of the Complaint.

46.     Denied.

47.     GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '573 patent. GE Healthcare denies the remaining allegations of paragraph 47 of the Complaint.

48.     Denied.

49.     GE Healthcare admits that it has not entered into a licensing agreement with MPV. GE Healthcare denies the remaining allegations of paragraph 49 of the Complaint.

50.     Denied.

### THIRD CAUSE OF ACTION

### Infringement of Patent No. 7,212,668

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    51.    GE Healthcare incorporates by reference its responses to paragraphs 1

2    through 50 above.

3    52.    GE Healthcare lacks sufficient information to form a belief as to the

4    truth or falsity of the allegations in paragraph 52 of the Complaint, and therefore

5    denies them.

6    53.    GE Healthcare admits, on information and belief, that U.S. Patent No.

7    7,212,668 ("the '668 patent") is titled "Digital image processing system and method

8    for emphasizing a main subject of an image" and states on its face that it issued on

9    May 1, 2007. GE Healthcare admits that a copy of what MPV alleges to be the '668

10   patent is attached to the Complaint as Exhibit C. GE Healthcare denies the remaining

11   allegations of paragraph 53 of the Complaint.

12   54.    GE Healthcare admits that GE has sold copies of FlightPlan for Liver

13   software in the United States. GE Healthcare denies the remaining allegations of

14   paragraph 54 of the Complaint.

15   55.    Denied.

16   56.    Denied.

17   57.    Denied.

18   58.    Denied.

19   59.    Denied.

20   60.    GE Healthcare admits that GE has marketed FlightPlan for Liver

21   software. GE Healthcare admits that GE has provided technical support to GE's

22   customers. GE Healthcare denies the remaining allegations of paragraph 60 of the

23   Complaint.

24   61.    GE Healthcare admits that GE has provided technical support to GE's

25   customers. GE Healthcare denies the remaining allegations of paragraph 61 of the

26   Complaint.

27   62.    Denied.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

63.     GE Healthcare admits that GE has provided FlightPlan for Liver software and related documentation to GE's customers. GE Healthcare denies the remaining allegations of paragraph 63 of the Complaint.

64.     Denied.

65.     GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '668 patent. GE Healthcare denies the remaining allegations of paragraph 65 of the Complaint.

66.     Denied.

67.     GE Healthcare admits that it has not entered into a licensing agreement with MPV. GE Healthcare denies the remaining allegations of paragraph 67 of the Complaint, including those allegations in the unnumbered paragraph that follows paragraph 67.

## FOURTH CAUSE OF ACTION

### Infringement of Patent No. 6,509,910

68.     GE Healthcare incorporates by reference its responses to paragraphs 1 through 67 above.

69.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 69 of the Complaint, and therefore denies them.

70.     GE Healthcare admits, on information and belief, that U.S. Patent No. 6,509,910 ("the '910 patent") is titled "Method and system for interfacing with a digital media frame network" and states on its face that it issued on January 21, 2003. GE Healthcare admits that a copy of what MPV alleges to be the '910 patent is attached to the Complaint as Exhibit D. GE Healthcare denies the remaining allegations of paragraph 70 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

71.     Neither GE Healthcare nor GE sells Centricity 360 Case Exchange in the United States. GE Healthcare denies the remaining allegations of paragraph 71 of the Complaint.

72.     Denied.

73.     Denied.

74.     Denied.

75.     GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '910 patent. GE Healthcare denies the remaining allegations of paragraph 75 of the Complaint.

76.     Denied.

77.     GE Healthcare admits that GE has marketed Centricity 360 Case Exchange outside the United States. GE Healthcare admits that GE has provided technical support to GE's customers. GE Healthcare denies the remaining allegations of paragraph 77 of the Complaint.

78.     GE Healthcare admits that GE has provided technical support to GE's customers. GE Healthcare denies the remaining allegations of paragraph 78 of the Complaint.

79.     Denied.

80.     GE Healthcare admits that GE has provided Centricity 360 Case Exchange application and related documentation to GE's customers outside the United States. GE denies the remaining allegations of paragraph 80 of the Complaint.

81.     Denied.

82.     GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '910 patent. GE Healthcare denies the remaining allegations of paragraph 82 of the Complaint.

83.     Denied.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

84.     GE Healthcare admits that it has not entered into a licensing agreement with MPV. GE Healthcare denies the remaining allegations of paragraph 84 of the Complaint.

85.     Denied.

### FIFTH CAUSE OF ACTION
### Infringement of Patent No. 8,984,419

86.     GE Healthcare incorporates by reference its responses to paragraphs 1 through 85 above.

87.     GE Healthcare lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Complaint, and therefore denies them.

88.     GE Healthcare admits, on information and belief, that U.S. Patent No. 8,984,419 ("the '419 patent") is titled "Digital media frame" and states on its face that it issued on March 17, 2015. GE Healthcare admits that a copy of what MPV alleges to be the '419 patent is attached to the Complaint as Exhibit E. GE Healthcare denies the remaining allegations of paragraph 88 of the Complaint.

89.     GE Healthcare admits that GE has sold copies of READY View image analysis software in the United States. GE Healthcare denies the remaining allegations of paragraph 89 of the Complaint.

90.     Denied.

91.     Denied.

92.     Denied.

93.     GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '419 patent. GE Healthcare denies the remaining allegations of paragraph 93 of the Complaint.

94.     Denied.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

95.    GE Healthcare admits that GE has marketed READY View image analysis software. GE Healthcare admits that GE has provided technical support to GE's customers. GE Healthcare denies the remaining allegations of paragraph 95 of the Complaint.

96.    GE Healthcare admits that GE has provided technical support to GE's customers. GE Healthcare denies the remaining allegations of paragraph 96 of the Complaint.

97.    Denied.

98.    GE Healthcare admits that GE has provided its READY View image analysis software and related documentation to GE's customers. GE Healthcare denies the remaining allegations of paragraph 98 of the Complaint.

99.    Denied.

100.   GE Healthcare admits that, on or about August 15, 2017, MPV provided GE with information regarding patents allegedly owned by MPV, including the '419 patent. GE Healthcare denies the remaining allegations of paragraph 100 of the Complaint.

101.   Denied.

102.   GE Healthcare admits that it has not entered into a licensing agreement with MPV. GE Healthcare denies the remaining allegations of paragraph 102 of the Complaint, including those allegations in the unnumbered paragraph that follows paragraph 102.

## PRAYER FOR RELIEF

GE Healthcare incorporates by references its responses to Paragraphs 1 through 102 above.  GE Healthcare denies that MPV is entitled to any relief whatsoever against GE Healthcare in this action, either as prayed for in the Complaint or otherwise.

Except as expressly admitted above, GE Healthcare denies each and every allegation contained in the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**DEMAND FOR JURY TRIAL**

MPV's demand for jury trial requires no response.

**AFFIRMATIVE DEFENSES**

GE Healthcare hereby asserts the following affirmative defenses, without undertaking or otherwise shifting the applicable burden of proof in any respect.  GE Healthcare specifically reserves the right to assert additional affirmative defenses as warranted by facts learned through investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

1.      GE Healthcare has not infringed, and does not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any claim of the '085 patent, the '573 patent, the '668 patent, the '910 patent, and the '419 patent.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

2.      The claims of the '085 patent, the '573 patent, the '668 patent, the '910 patent, and the '419 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and 112 thereof.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

3.      MPV is barred from asserting the claims of the '085 patent, the '573 patent, the '668 patent, the '910 patent, and the '419 patent by the doctrine of estoppel, including, but not limited to, equitable estoppel, prosecution history estoppel, and otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4.    MPV is barred from asserting the claims of the '085 patent, the '573 patent, the '668 patent, the '910 patent, and the '419 patent against GE Healthcare by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

5.    MPV's purported damages, if any, are limited by the provisions of 35 U.S.C. §§ 286, 287, and 288.

### SIXTH AFFIRMATIVE DEFENSE
### (28 U.S.C. § 1498)

6.    MPV's claims are barred under 28 U.S.C. § 1498 to the extent that the accused activities and/or products are sold and/or offered for sale in the United States to the United States government.

### COUNTERCLAIMS

Counterclaimant General Electric Co. ("GE"), by and through the undersigned counsel, for its counterclaims against plaintiff and counterclaim-defendant Monument Peak Ventures, LLC's ("MPV" or "Plaintiff"), alleges as follows:

### PARTIES

1.    GE is a corporation organized under the laws of New York with a principal place of business in Boston, Massachusetts.

2.    On information and belief, MPV is a Texas limited liability company with its principal place of business in Plano, Texas.

### JURISDICTION AND VENUE

3.    GE's counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., and under the patent laws of the United States, 35 U.S.C. § 1, et seq.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

4.　　This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.　　The Court has personal jurisdiction over counterclaim-defendant MPV by virtue of, *inter alia*, MPV's filing of the Complaint in this Court.

6.　　Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because this suit was filed in this district by MPV.

7.　　GE sells the products accused by MPV's Complaint in this action of infringement, including IN Carta image analysis software, Thoracic VCAR image analysis software, FlightPlan for Liver image analysis software, Centricity 360 Case Exchange, and READY View image analysis software. Defendant GE Healthcare, Inc. does not sell any of these products.

8.　　By virtue of the allegations of plaintiff and counterclaim-defendant MPV's Complaint in this action, which accuses products sold by GE of infringement, an immediate, real, and justiciable controversy exists between GE and MPV as to whether U.S. Patent No. 7,062,085 ("the '085 patent"), U.S. Patent No. 7,092,573 ("the '573 patent"), U.S. Patent No. 7,212,668 ("the '668 patent"), U.S. Patent No. 6,509,910 ("the '910 patent"), and U.S. Patent No. 8,984,419 ("the '419 patent") are invalid and not infringed.

## FIRST COUNT

### Declaratory Judgment of Non-Infringement of the '085 Patent

9.　　GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 8 of these Counterclaims.

10.　　In paragraph 16 of its Complaint, MPV claims to be the owner and assignee of all rights, title and interest in and under the '085 patent.

11.　　MPV alleges that products sold by GE infringe the '085 patent.

12.　　GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any claim of the '085 patent in connection with any accused products.

As one example and as MPV has known since at least July 17, 2018, GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, at least claim 1 of the '085 patent in connection with any accused products, because the accused products do not meet at least the limitations of claim 1 of the '085 patent that require "detecting subject matter regions in a digital color image having pixels of (red, green, blue) values" and "assigning to each pixel a belief value as belonging to the subject matter region based on color and texture features." For example, GE's IN Carta image analysis software operates on grayscale images, not color images.

13.     Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to infringement of the '085 patent.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '085 patent is not infringed by any of GE's products, services, or processes.

## SECOND COUNT

### Declaratory Judgment of Non-Infringement of the '573 Patent

15.     GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 14 of these Counterclaims.

16.     In paragraph 34 of its Complaint, MPV claims to be the owner and assignee of all rights, title and interest in and under the '573 patent.

17.     MPV alleges that products sold by GE infringe the '573 patent.

18.     GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any claim of the '573 patent in connection with any accused products. As one example and as MPV has known since at least July 17, 2018, GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, at least claim 1 of the '573 patent in connection with any accused products, because the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

accused products do not meet at least the limitations of claim 1 of the '573 patent that require "applying a subject matter detector to the digital image to produce a belief map of values indicating the degree of belief that pixels in the digital image belong to target subject matter, said values defining a plurality of belief regions" and "determining the sizes of each of said belief regions in said belief map." Thoracic VCAR determines anatomy location using an image segmentation technique based on computing a Hessian matrix, which was well known prior to the '573 patent's priority date. In addition, Thoracic VCAR enhances images based on a position/location in a volume, not based on size.

19.    Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to infringement of the '573 patent.

20.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '573 patent is not infringed by any of GE's products, services, or processes.

## THIRD COUNT

### Declaratory Judgment of Non-Infringement of the '668 Patent

21.    GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 20 of these Counterclaims.

22.    In paragraph 52 of its Complaint, MPV claims to be the owner and assignee of all rights, title and interest in and under the '668 patent.

23.    MPV alleges that products sold by GE infringe the '668 patent.

24.    GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any claim of the '668 patent in connection with any accused products. As one example and as MPV has known since at least July 17, 2018, GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, at least claim 1 of the '668 patent in connection with any accused products, because the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

accused products do not meet at least the limitations of claim 1 of the '668 patent that require "automatically identifying the main subject of the image" and "generating a plurality of belief values, each said belief value being associated with one of a plurality of regions of the image, said belief values each being related to the probability that the associated region is a main subject of the image, to provide a main subject belief map." For example, the Complaint alleges that FlightPlan for Liver meets this limitation because it "is designed to identify the arterial tree of a liver, i.e., the main subject." But FlightPlan for Liver is not able to automatically identify an arterial tree, as it requires user input to determine the location of an arterial tree. In addition, FlightPlan for Liver identifies an arterial tree using an algorithm, referred to as the fast marching method, which does not involve probability or belief values, and which was well known prior to the '668 patent's priority date.

25.     Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to infringement of the '668 patent.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '668 patent is not infringed by any of GE's products, services, or processes.

## FOURTH COUNT

### Declaratory Judgment of Non-Infringement of the '910 Patent

27.     GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 26 of these Counterclaims.

28.     In paragraph 69 of its Complaint, MPV claims to be the owner and assignee of all rights, title and interest in and under the '910 patent.

29.     MPV alleges that products sold by GE infringe the '910 patent.

30.     GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any claim of the '910 patent in connection with any accused products.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

As MPV has known since at least July 17, 2018, GE does not sell and has not sold Centricity 360 Case Exchange in the United States.  Moreover and as one example, even if GE did sell Centricity 360 Case Exchange in the United States, GE and its customers would not have infringed,  literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, at least claim 1 of the '910 patent in connection with any accused products, because the accused products do not meet at least the limitation of claim 1 of the '910 patent that requires "automatically displaying the at least one digital file on the continuously operating displays." For example, Centricity 360 Case Exchange does not automatically display images or files, as a user must act to open them.

31.    Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to infringement of the '910 patent.

32.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '910 patent is not infringed by any of GE's products, services, or processes.

## FIFTH COUNT

## Declaratory Judgment of Non-Infringement of the '419 Patent

33.    GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 32 of these Counterclaims.

34.    In paragraph 87 of its Complaint, MPV claims to be the owner and assignee of all rights, title and interest in and under the '419 patent.

35.    MPV alleges that products sold by GE infringe the '419 patent.

36.    GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any claim of the '419 patent in connection with any accused products. As one example and as MPV has known since at least July 17, 2018, GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, at least

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

claim 1 of the '419 patent in connection with any accused products, because the accused products do not meet at least the limitation of claim 1 of the '419 patent that requires "setting the digital media frame to the user selected operating mode." For example, READY View operates on a workstation computer, not a "digital media frame." As the '419 patent makes clear, including at 1:30-53, a digital media frame is not a workstation computer or laptop computer.

37.     Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to infringement of the '419 patent.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '419 patent is not infringed by any of GE's products, services, or processes.

## SIXTH COUNT

### Declaratory Judgment of Invalidity of the '085 Patent

39.     GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 38 of these Counterclaims.

40.     MPV, by its Complaint, contends that the '085 patent is valid.

41.     On information and belief, each and every claim of the '085 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and 112 thereof. More specifically and without limitation, to the extent that the scope of the claims of the '085 patent include Hessian matrices, the '085 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to prior art systems and methods that used an image segmentation technique based on computing a Hessian matrix. For example, and without limitation, the '085 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to Yoshinobu Sato et al, "3D Multi-Scale Line Filter for Segmentation and Visualization of Curvilinear Structures in Medical Images,"

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Medical Image Analysis, Vol. 2, No. 2, pp. 143-168 (June 1998) ("Sato"), which generally discloses using an image segmentation technique based on computing a Hessian matrix to extract various types of curvilinear structures from images, including blood vessels and bronchial trees. In addition, the '085 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 in view of U.S. Patent No. 6,324,532 to Spence et al. ("Spence").

42.     This case is only at the pleading stage, and GE's investigation of the prior art is ongoing. GE reserves the right to rely upon additional prior art and invalidity theories, consistent with the Local Patent Rules of the Southern District of California.

43.     Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to the validity of the '085 patent.

44.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '085 patent is invalid.

## SEVENTH COUNT

### Declaratory Judgment of Invalidity of the '573 Patent

45.     GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 44 of these Counterclaims.

46.     MPV, by its Complaint, contends that the '573 patent is valid.

47.     On information and belief, each and every claim of the '573 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and 112 thereof. More specifically and without limitation, to the extent that the scope of the claims of the '573 patent include Hessian matrices, the '573 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to prior art systems and methods that used an image segmentation technique based on computing a Hessian matrix. For example, and without limitation, the '573 patent is invalid as anticipated pursuant to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to Sato, which generally discloses using an image segmentation technique based on computing a Hessian matrix to extract various types of curvilinear structures from images, including blood vessels and bronchial trees. In addition, the '573 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 in view of Spence.

48. This case is only at the pleading stage, and GE's investigation of the prior art is ongoing. GE reserves the right to rely upon additional prior art and invalidity theories, consistent with the Local Patent Rules of the Southern District of California.

49. Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to the validity of the '573 patent.

50. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '573 patent is invalid.

## EIGHTH COUNT

### Declaratory Judgment of Invalidity of the '668 Patent

51. GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 50 of these Counterclaims.

52. MPV, by its Complaint, contends that the '668 patent is valid.

53. On information and belief, each and every claim of the '668 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and 112 thereof. More specifically and without limitation, the '668 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to prior art systems and methods that used an image segmentation technique based on computing a Hessian matrix as well as prior art systems and methods that implemented the fast-marching-method algorithm. For example, and without limitation, to the extent that the scope of the

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

claims of the '668 patent include Hessian matrices,  the '668 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to Sato, which generally discloses using an image segmentation technique based on computing a Hessian matrix to extract various types of curvilinear structures from images, including blood vessels and bronchial trees. In addition, the '668 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 in view of Spence.

54.     This case is only at the pleading stage, and GE's investigation of the prior art is ongoing. GE reserves the right to rely upon additional prior art and invalidity theories, consistent with the Local Patent Rules of the Southern District of California.

55.     Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to the validity of the '668 patent.

56.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '668 patent is invalid.

## NINTH COUNT

## Declaratory Judgment of Invalidity of the '910 Patent

57.     GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 56 of these Counterclaims.

58.     MPV, by its Complaint, contends that the '910 patent is valid.

59.     On information and belief, each and every claim of the '910 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and 112 thereof. More specifically and without limitation and as MPV has known since at least July 17, 2018, the '910 patent is invalid for claiming ineligible subject matter under 35 U.S.C. § 101. For example, under step one of the test set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. ---, 134 S. Ct. 2347 (2014), the claims of the '910 patent, including at least asserted claim 1, are directed to an

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

abstract idea, including but not limited to the abstract concept of forming groups to share digital files over a network and displaying them.  It therefore falls into the "familiar class of claims" directed to the patent ineligible concepts of "collecting information … and displaying certain results of the collection …." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). Further confirming its abstract nature, claim 1 does not purport to improve the functionality of computers, but instead uses computers as tools to carry out an abstract process. Claim 1 also fails *Alice* step two. Claim 1's elements, viewed individually and as an ordered combination, provide no inventive concept. Instead, they recite conventional components such as a "network," "a device," "a network server," a "digital file," and a "display." The '910 patent discloses no improvement to these components or any algorithms or other inventive programming for implementing the claimed method.

60.     This case is only at the pleading stage, and GE's investigation of the prior art is ongoing. GE reserves the right to rely upon additional prior art and invalidity theories, consistent with the Local Patent Rules of the Southern District of California.

61.     Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to the validity of the '910 patent.

62.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '910 patent is invalid.

### TENTH COUNT

### Declaratory Judgment of Invalidity of the '419 Patent

63.     GE restates and incorporates herein by reference each of the allegations contained in paragraphs 1 through 62 of these Counterclaims.

64.     MPV, by its Complaint, contends that the '419 patent is valid.

65.     On information and belief, each and every claim of the '419 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

103, and 112 thereof. More specifically and without limitation and as MPV has known since at least July 17, 2018, the '419 patent is invalid for claiming ineligible subject matter under 35 U.S.C. § 101. For example, under *Alice* step one, the claims of the '419 patent, including at least asserted claim 1, are directed to an abstract idea, including but not limited to the abstract concept of receiving and displaying text and images based on a user-selected operating mode. It therefore falls into the "familiar class of claims" directed to the patent ineligible concepts of "collecting information … and displaying certain results of the collection …." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). Further confirming its abstract nature, claim 1 does not purport to improve the functionality of computers, but instead uses computers as tools to carry out an abstract process. Claim 1 also fails *Alice* step two. Claim 1's elements, viewed individually and as an ordered combination, provide no inventive concept. Instead, they recite conventional concepts "a picture mode that displays pictorial representations" and "an information mode that displays informational representations." The '419 patent discloses no improvement to these components or any algorithms or other inventive programming for implementing the claimed method.

66.    This case is only at the pleading stage, and GE's investigation of the prior art is ongoing. GE reserves the right to rely upon additional prior art and invalidity theories, consistent with the Local Patent Rules of the Southern District of California.

67.    Accordingly, there exists a substantial and continuing justiciable controversy between GE and MPV as to the validity of the '419 patent.

68.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GE is entitled to a judgment finding that the '419 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, GE seeks the following relief from this Court:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1     a.     that judgment be entered against MPV and in favor of GE on each of the

2  claims set forth in the Complaint filed by MPV and that each such claim be dismissed

3  with prejudice;

4     b.     a declaration that GE has not infringed the '085 patent, '573 patent, '668

5  patent, '910 patent, and '419 patent;

6     c.     a declaration that the '085 patent, '573 patent, '668 patent, '910 patent,

7  and '419 patent are invalid;

8     d.     damages in an amount to be determined;

9     e.     that the Court find this an exceptional case and award GE its costs and

10  attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

11     f.     that the Court grant GE such other and further relief as the Court deems

12  just and proper.

### JURY DEMAND

13

14     GE hereby demands a jury trial on all issues and claims so triable.

15

16

17  DATED:  July 27, 2018                    Respectfully submitted,

18                                           By:  */s/ David T. Pollock*

19                                           David T. Pollock (SBN 217546)
                                             Email:  dpollock@reedsmith.com
20                                           Jonathan I. Detrixhe (SBN 258946)
                                             Email: jdetrixhe@reedsmith.com
21                                           REED SMITH LLP
                                             101 Second Street
22                                           Suite 1800
                                             San Francisco, CA  94105-3659
23                                           Telephone: +1 415 543 8700
                                             Facsimile: +1 415 391 8269

24                                           Brian D. Roche (*pro hac vice*, Illinois
                                             Bar No. 6183795)
25                                           Email: broche@reedsmith.com
                                             Jillian L. Burstein (pro hac vice, Illinois
26                                           Bar No. 6312448)
                                             Email: jburstein@reedsmith.com
27                                           REED SMITH LLP
                                             10 South Wacker Drive, 40th Floor
28

Chicago, IL 60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

*Attorneys for Defendant GE Healthcare, Inc. and Counterclaimant-Plaintiff General Electric Co.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 27, 2018 to all counsel who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

DATED:  July 27, 2018          By:     */s/ David T. Pollock*
                                       David T. Pollock

GE'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware