1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   MONUMENT PEAK VENTURES, LLC,         Case No.:  18-cv-01158-JLS-JLB

12                           Plaintiff,
                                          **ORDER GRANTING IN PART AND**
13   v.                                   **DENYING IN PART JOINT**
                                          **MOTION TO CONTINUE EARLY**
14   GE HEALTHCARE, INC.,                 **NEUTRAL EVALUATION**
                                          **CONFERENCE**
15                          Defendant.

16                                        **[ECF No. 17]**

17

18         Before the Court is the parties' Joint Motion to Continue Early Neutral Evaluation

19   Conference and to Extend Time for Plaintiff to Answer Counterclaim and File Amended

20   Complaint.  (ECF No. 17.)   The parties request a continuance of the Early Neutral

21   Evaluation Conference ("ENE"), the dates set forth in the Court's July 27, 2018 Order

22   (ECF No. 14), and the deadlines for Plaintiff to file and serve its answer to the counterclaim

23   and file its first amended complaint.  (ECF No. 17 at 2-4.)  This order does not rule on the

24   parties' request for an extension of the deadlines for Plaintiff to file and serve its answer to

25   the counterclaim and file its first amended complaint as those requests are before the

26   Honorable Janis L. Sammartino.

27         The parties request an extension of the ENE and the dates set forth in the Court's

28   July 27, 2018 Order because Defendant filed a counterclaim that Plaintiff intends to address

                                            1

in an answer to the counterclaim and by filing an amended complaint, and because Plaintiff's lead counsel is currently out of the country on family matters. (*Id.*) For good cause shown, the Court **GRANTS in part and DENIES in part** the parties' joint motion. The parties' request to continue the ENE and the dates set forth in the Court's July 27, 2018 Order (other than that date for submitting ENE statements) is denied. Instead, to accommodate counsel, the ENE is hereby converted to a telephonic, counsel only conference and the date for lodgment of ENE statements is continued to August 31, 2018 as set forth below. The Court's July 27, 2018 Order (ECF No. 14) is hereby amended as follows:

The ENE is converted to a telephonic, counsel only conference and remains set for **September 5, 2018** at **8:30 AM** before Magistrate Judge Jill L. Burkhardt. Plaintiff's principal attorney responsible for the litigation is responsible for placing one joint call with all participating counsel already on the line into Judge Burkhardt's chambers at (619) 557-6624.

In the event the case does not settle at the ENE, a telephonic, counsel only **Case Management Conference** pursuant to Fed. R. Civ. P. 16(b) will be held at the conclusion of the ENE Conference.

The following are **mandatory** directions for the parties preparing for the Early Neutral Evaluation Conference. **Absent express permission obtained from this Court, and notwithstanding the pendency of any motion, counsel shall <u>timely</u> comply with the dates and deadlines ordered herein.**

1. **<u>Personal Appearance of Parties Not Required:</u>** The principal attorneys responsible for the litigation, must appear **by telephone** and be legally and factually prepared to discuss settlement of the case. The principal attorneys are responsible for ensuring that all parties, adjusters for insured defendants, and other representatives of a party having full settlement authority as explained below may be reached by telephone should the need arise during the ENE conference. Counsel appearing without a means to contact their clients by telephone (whether or not counsel has been given settlement

18-cv-01158-JLS-JLB

authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference. If each of the principal attorneys responsible for the litigation are not listed on the docket as an *"ATTORNEY TO BE NOTICED,"* then they each shall enter their appearance on the docket as soon as practicable, but in no event later than **ten calendar days** prior to the ENE conference.

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from attendance. **Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least ten calendar days prior to the conference.** Failure to appear at the ENE conference will be grounds for sanctions.

2. **Full Settlement Authority Required[1]:** In addition to counsel who will try the case, a party or party representative with full settlement authority must be available by telephone should the need to contact them arise at the conference. In the case of an entity, an authorized representative of the entity who is not retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives available who can settle the case during the course of the conference without consulting a superior. **Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. *Id*. at 486. A limited or a sum certain of authority is not adequate. *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-97 (8th Cir. 2001).

3

to the government official having ultimate settlement authority.

3. **ENE Statements Required:** On or before **August 31, 2018**, the parties shall lodge statements of **five pages** or less directly to the chambers of Magistrate Judge Burkhardt outlining the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of the case. The settlement position must include a specific and current demand or offer addressing all relief or remedies sought. If a specific demand or offer cannot be made at the time the brief is submitted, then the reasons therefor must be stated along with a statement as to when the party will be in a position to state a demand or offer. A general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make an offer at the conference" is not a specific demand or offer. The statement shall also list all attorney and non-attorney conference attendees for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference.

ENE statements shall be lodged via email at efile_burkhardt@casd.uscourts.gov. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to chambers. **Whether these statements are submitted confidentially or whether they are served on opposing counsel is within the parties' discretion.** Statements of more than five pages will not be considered.

This order does not modify any other date, deadline, or requirement set forth in the Court's July 27, 2018 Order.

**IT IS SO ORDERED.**

Dated: August 16, 2018

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

18-cv-01158-JLS-JLB