UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Monument Peak Ventures, LLC, | Case No.: 18-cv-01158-JLS-JLB |
|---|---|
| Plaintiff, | |
| v. | **CASE MANAGEMENT ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS IN A PATENT CASE** |
| GE Healthcare, Inc., | |
| Defendant. | |

1. The Court understands that parties to litigation often enter into stipulations that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in specified way. Any motion for a protective order entering such stipulation(s) in this case shall be filed no later than **September 26, 2018**. The motion shall comply with Section V. of Magistrage Judge Jill L. Burkhardt's Civil Chambers Rules. If the need for a protective order is not initially apparent to the parties and only becomes apparent due to a later development in the case, the parties must seek leave to file a late motion for protective order, supported by good cause which includes an explanation as to why the parties could not have anticipated the need for a protective order.

2. On or before **October 3, 2018**, each party claiming patent infringement shall separately serve on all parties a Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to Patent L.R. 3.1 and produce documents as required

by Patent L.R. 3.2.

3. On or before **December 3, 2018**, each party opposing a claim of infringement shall serve Invalidity Contentions pursuant to Patent L.R. 3.3 and produce documents as required by Patent L.R. 3.4.

4. On or before **December 17, 2018**, the parties shall exchange Preliminary Claim Constructions pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b).

5. On or before **January 14, 2019**, the parties shall exchange Responsive Claim Constructions pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d).

6. On or before **January 28, 2019**, parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement pursuant to Patent L.R. 4.2.

7. The deadline for filing, as of right, Amended Infringement Contentions by a party claiming infringement is **January 28, 2019**. See Patent L.R. 3.6(a).

8. All discovery intended for use in the Claim Construction Hearing must be completed by **February 25, 2019**. See Patent L.R. 4.3.

9. The deadline for filing, as of right, Amended Invalidity Contentions by the party opposing infringement is **February 25, 2019**. See Patent L.R. 3.6(b)

10. On or before **March 11, 2019**, the parties must file simultaneously their Opening Claim Construction Briefs. See Patent L.R. 4.4(a).

11. On or before **March 25, 2019**, the parties must file simultaneously their Responsive Claim Construction Briefs. See Patent L.R. 4.4(b).

12. The Claim Construction and tutorial hearing will be held on **April 11, 2019**, at **1:30 PM** before the **Honorable Janis L. Sammartino**. See Patent L.R. 4.5.

13. Not later than thirty (30) days after the filing of the Claim Construction Order, any party relying upon advice of counsel as part of a patent-related claim or defense for any reason must make the disclosures required by Patent L.R. 3.7.

14. A party asserting infringement must serve final amended infringement contentions, within the meaning of Patent L.R. 3.6(a)(1), not later than thirty (30) days after service of the Court's Claim Construction Ruling.

15. A party opposing a claim of infringement must serve final amended invalidity contentions, within the meaning of Patent L.R. 3.6(b)(2), not later than fifty (50) days after service of the Court's Claim Construction ruling.

16. The initial date for the substantial completion of document discovery including electronically stored information ("ESI") is **June 10, 2019**. See Patent L.R. 2.1(a)(1).

17. All fact discovery shall be completed by all parties on or before **August 9, 2019**. All discovery, including expert discovery, shall be completed by all parties on or before **November 1, 2019**. "Completed" means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that response thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date.

Discovery motions must be filed in the time and manner directed by Magistrate Judge Jill L. Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute **and** complied with Section IV.B. of Judge Burkhardt's Civil Chambers Rules.

18. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **June 10, 2019**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **July 1, 2019**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure

must provide the information required under Rule 26(a)(2)(c).

19. All other dispositive motions, including those addressing *Daubert* issues, shall be FILED on or before **November 15, 2019**. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by **Judge Janis L. Sammartino**.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

21. A Mandatory Settlement Conference shall be conducted on **May 8, 2019**, at **1:45 PM**, in the chambers of **Magistrate Judge Jill L. Burkhardt**, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. Counsel shall submit confidential settlement statements directly to chambers no later than **April 29, 2019**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.

The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and

title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Jill L. Burkhardt's chambers. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

22. In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16.

23. Parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-97 (8th Cir. 2001).

24. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **January 2, 2020**. Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

25. Pursuant to Local Civil Rule 16.1(f)(4), on or before **January 9, 2020**, the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c), and containing the following:

    a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    b. A list of the causes of action to be tried, referenced to the Complaint and Counterclaim. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint and/or Counterclaim that is not listed shall be dismissed with prejudice.

    c. A list, in alphabetical order, of:

        i. Each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

        ii. Each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

        iii. Additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    d. A list of:

        i. All exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be

       identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

    ii.  All other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

  e.  A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

  f.  A list of all deposition transcripts by page and line, or videotape depositions by section, which will be offered at trial.

  g.  Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26 (a)(3) Pretrial Disclosures.

  The Court encourages the parties to consult with Magistrate Judge Jill L. Burkhardt to work out any problems in preparation of the proposed pretrial order. **Judge Janis L. Sammartino** will entertain any questions concerning the conduct of the trial at the pretrial conference.

  26.  Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a). On or before **January 16, 2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

  27.  The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with **Judge Janis L. Sammartino's** chambers on or before **January 23, 2020**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

7

18-cv-01158-JLS-JLB

28. The final pretrial conference shall be held before the **Honorable Janis L. Sammartino**, United States District Court Judge, on **January 30, 2020**, at **1:30 PM**, during which time the Court will address the submission of motions in limine, trial briefs, proposed voir dire and jury instructions and the trial schedule.

29. The dates and times set forth herein will not be modified except for good cause shown.

30. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 6, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge

8
18-cv-01158-JLS-JLB