**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

**Construed Terms:** **bold – 1st occurrence in red/underline**
**Proposed Constructions:** *italicized*
Independent claims denoted with "*"

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **Claim 1** | | |
| 1. A method for sharing digital images over at least one network comprising the steps of: | | |
| (a) providing a network service over the network; | | |
| (b) permitting at least one **share group** to access a network server via the network service, the at least one **share group** including a plurality of members; | **share group**:<br>(Appears in: 1*, 9, 12, 25, 30*)<br><br>*Plain and Ordinary Meaning, for example, any group of users with common access to one or more media or data files*<br><br>IMPACT STATEMENT:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so | **share group**:<br>(Appears in: 1*, 9, 12, 25, 30*)<br><br>*Set of members referenced in a share list*<br><br>IMPACT STATEMENT:<br>Defendants' construction of this term, if adopted, independently precludes infringement of at least the claims in which this term appears. As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claims remain consistent with what was |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
| --- | --- | --- |
| | construction of this term is not case or claim dispositive.<br><br>INTRINSIC EVIDENCE:<br>'910 patent at 16:8-26; 11:10-13; 18:20-35; and any other intrinsic evidence disclosed or relied upon by Defendants.<br><br>EXTRINSIC EVIDENCE:<br>*Share*, Webster's Third New International Dictionary. (2002).<br>*Group*, Webster's Third New International Dictionary. (2002); any other extrinsic evidence disclosed or relied upon by Defendants. | actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'910 Patent at col. 16:8-26 ("In one embodiment, the user profile may also contain multiple share groups or share lists. Each share list may include one or more aliases associated with potential recipients that member wants to share the information with. …. For example, the user profile associated with the DMF 1505 has three share lists with each share list containing entries referencing the recipients. Each of the entries in the share list may be an identifier (e.g., alias) for a member of the DMF network, an email address for a recipient who is not a member of the DMF network, or a street address for a recipient who does not have an email address. "); 16:55-67 ("The share list may be created or edited using the PC 1545 by updating the user profile. The share list may also be created via a telephone by calling an authorized customer service agent with the DMF network. …. |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | In one embodiment, the member may select one of the share lists as a default share list. The DMF network then uses the default share list when the member wants to share objects displayed on the DMF. ….”); 17:1-4 (“In another embodiment, the user may need to select one or more share lists from the available share lists. FIG. 16 is an exemplary flow diagram that illustrates an activation of a share operation.”); 17:14-20 (“When the member completes the selection, the DMF displays the available share lists previously generated by the member. At block 1615, the member may select multiple share lists, in which case the recipients in the multiple share lists receive the selected object(s) to each of the recipients identified in the selected share list(s).”); col. 20:54-59 ( “As discussed above, the object may also be shared by a member of the StoryBox network 1955 with a recipient who is not a member of the StoryBox network 1805 or the partner network 1825. This recipient may be specified in the share list using an email address, a street address, or any other destination identifiers to enable the recipient to receive the object or a |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | representation of the object."); 17:64-18:5; 18:20-35; 20:21-27; Figs. 1, 15-17 and associated descriptions; and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br>EXTRINSIC EVIDENCE:<br>Kodak SMART Picture Frame User's Guide (GE_0019137-GE_0019175) at pg. 28; Kodak Smart Picture Frame (GE_0019137-GE_0019175); and any other extrinsic evidence disclosed or relied upon by Plaintiff. |
| (c) associating a device with each of the plurality of members, each device in communication with the server, the device of one or more members of each of the at least one **share group** being a **continuously operating** display, each of the plurality of members of the at least | **continuously operating:**<br>(Appears in: 1*, 5, 13, 23, 24, 30*)<br><br>*Not indefinite.*<br>*Operating whether or not it is connected to the network*<br><br>IMPACT STATEMENT:<br>This term is not indefinite and does not render the claims in which it appears invalid. If, however, this terms is found indefinite, it will render the claims in which it appears invalid and, therefore, be claim dispositive as to those claims. If this | **continuously operating**<br>(Appears in: 1*, 5, 13, 23, 24, 30*)<br><br>*Indefinite.*<br>*Alternatively: operating without interruption*<br><br>IMPACT STATEMENT:<br>Adopting Defendants' construction of this term would invalidate the asserted claims of the '910 Patent. Adopting Defendants' proposed alternative construction of this term precludes infringement of at least the claims in which this term appears. MPV's construction would render the affected |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| one **share group** capable of being a sharing member and a receiving member, | term is not found indefinite, the asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so, if not indefinite, construction of this term is not case or claim dispositive.<br><br><u>INTRINSIC EVIDENCE</u>:<br>'910 patent at 11:8-13; 14:53-67; 16:23-26; 16:27-37; and any other intrinsic evidence disclosed or relied upon by Defendants.<br><br><u>EXTRINSIC EVIDENCE</u>:<br>Any extrinsic evidence disclosed or relied upon by Defendants. | claims inconsistent with the meaning of "continuously", what was actually disclosed in the specification, and create ambiguities as to what is meant by "whether or not it is connected to the network." As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claims remain consistent with what was actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br><u>INTRINSIC EVIDENCE</u>:<br>'910 Patent at 3:4-10 ("The DMF, subsequently, fetches the image and related data from the memory with the auxiliary information and displays the images on a display. The DMF may also play or make playable audio that is associated with these images. These images may be single frame or video or animation sequence."); 3:49-52 ("The function may involve, for example, reordering the sequence of the images to be displayed, …. "); 4:22-25 ("Block 206 represents |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | processor(s) or micro-controller(s), which is a processing unit for the DMF 102. Block 206 determines where the image and related data is to be stored and which sequence of the images is to be displayed."); 6:29-38 ("In another embodiment, a processor in the processing unit 320 is configured to determine a sequence of images to be displayed. The processor also controls variable time interval or time transition types between images. The interval transition time indicates the time interval between the current image and the next image to be displayed. The image transition is a mechanism of retiring current image while phasing in the next image. In one embodiment, the image transition moves current and next images in one direction as the current image move out while the next image moves in. …. "); 8:4-8 ("In another embodiment, the user-input device 410 does not include the pause button 422 and the image is displayed for a predetermined time period set by the user before a next image is displayed. This predetermined time period can be set in the DMF or in the network server."); 8:53-64 ("In one embodiment, block |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | 508 determines the interval transition time and the various types of image transitions. The interval transition time indicates the time interval between the current image and the next image to be displayed. The image transition is a mechanism of retiring current images from the display while phasing in the next image. …. "); 1:45-51; 2:12-14; 2:60-3:1; 4:45-56; 5:34-38; 6:47-55; 7:1-9; 7:41-50; 7:55-63; 8:4-8; 9:35-45; 9:62-67; 11:54-59; 18:36-38; Figs. 1, 3-7, 9 and associated descriptions; and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br>'910 File History: Response to 1/29/2002 Office Action, pg. 147.<br><br><u>EXTRINSIC EVIDENCE</u>:<br>Webster's II New College Dictionary (1995), pg. 244 (GE_0019126) ("Continuous: 1. Uninterrupted : unbroken"); Kodak SMART Picture Frame User's Guide (GE_0019137-GE_0019175) at pgs. 25, 34-35; Kodak Smart Picture Frame Quick Start Guide (GE_0019137-GE_0019175) at pg. 11; Kodak Smart Picture Frame (GE_0019137-GE_0019175); and any |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | other extrinsic evidence disclosed or relied upon by Plaintiff. |
| (d) allowing each sharing member to share digital files with the receiving members of the at least one **share group** by uploading from the device associated with the sharing member at least one digital file to the network service; | | |
| (e) downloading from the network service the at least one digital file to the devices associated with the receiving members of the at least one **share group**; and | | |
| (f) automatically displaying the at least one digital file on the | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **continuously operating** displays associated with the receiving members of the at least one **share group**. | | |
| **Claim 9** | | |
| 9. A method as recited in claim 8 further comprising the step of: allowing the sharing member to select via the associated device of the sharing member to select a subset of the uploaded digital files to be shared with the receiving members of the at least one **share group**. | | |
| **Claim 12** | | |
| 12. A method as recited in claim 1 further comprising the step of: | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| allowing a member of one of the plurality of **Share Group**s to also be a member of at least one other **Share Group**. | | |
| **Claim 13** | | |
| 13. A method as recited in claim 1 wherein: each **continuously operating** display includes an interface for receiving digital images directly from a digital camera. | | |
| **Claim 23** | | |
| 23. A method as recited in claim 1 wherein: each **continuously operating** display can receive images and data from a plurality of external devices including a digital | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| camera, a video camera, and a computer. | | |
| **Claim 24** | | |
| 24. A method as recited in claim 23 further comprising the step of: directly connecting the **continuously operating** display to one of the plurality of external devices to receive images and data therefrom. | | |
| **Claim 25** | | |
| 25. A method as recited in claim 1 further comprising the step of: providing authorization to the network service by an individual to become a member of the at least one **share group**. | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **Claim 30** | | |
| 30. A computer program product comprising a computer readable storage medium having a computer program stored thereon which, when executed by a digital processing system, causes the system to perform a method comprising the steps of: | | |
| (a) permitting at least one **share group** to access a network server via a network service, the at least one **share group** including a plurality of members; | | |
| (b) associating a device with each of the plurality of members, | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| each device in communication with the server, the device of one or more members of each of the at least one **share group** being a **continuously operating** display, each of the plurality of members of the at least one **share group** capable of being a sharing member and a receiving member, | | |
| (c) allowing each sharing member to share digital files with the receiving members of the at least one **share group** by uploading from the device associated with the sharing member at | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B1: Patent 6,509,910**
**Asserted Claims: 1, 4-13, 22-26, 29, 30**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| least one digital file to the network service; | | |
| (d) downloading from the network service the at least one digital file to the devices associated with the receiving members of the at least one **share group**; and | | |
| (e) automatically displaying the at least one digital file the **continuously operating** displays associated with the receiving members of the at least one **share group**. | | |

# APPENDIX B: JOINT CLAIM CONSTRUCTION CHART
## B2: Patent 7,092,573
## Asserted Claims: 1, 2, 4-8

**Construed Terms:** **bold – 1st occurrence in red/underline**
**Proposed Constructions:** *italicized*
Independent claims denoted with "*"

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **Claim 1** | | |
| 1. A method for processing a digital image, comprising the steps of: | | |
| applying a subject matter detector to the digital image to produce a **belief map** of values indicating the degree of belief that **pixels** in the digital image belong to target subject matter, said values defining a plurality of belief regions; | **belief map**:<br>(Appears in: 1*, 7*, 8*)<br><br>*a collection of values wherein each value corresponding to the likelihood and/or degree of confidence that an individual pixel in the image belongs to the target subject matter.*<br><br>IMPACT STATEMENT:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so construction of this term is not case or claim dispositive. | **belief map**:<br>(Appears in: 1*, 7*, 8*)<br><br>*a collection of belief values corresponding to each pixel in the image*<br><br>IMPACT STATEMENT:<br>Defendants' construction of this term, if adopted, independently precludes infringement of at least the claims in which this term appears and any other claims containing related terms. As compared to MPV's construction, Defendants' construction is necessary to ensure that the |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | INTRINSIC EVIDENCE:<br>'573 patent at 4:31-48; 13:55-59; and any other intrinsic evidence disclosed or relied upon by Defendants.<br><br>EXTRINSIC EVIDENCE:<br>Any extrinsic evidence disclosed or relied upon by Defendants. | affected claims remain consistent with what was actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'573 Patent at 4:15-48 ("The belief map indicates the belief that particular pixels represent the target subject matter."); 5:10-19 ("For each pixel in the input color digital image, the probability that it is a skin-tone pixel is computed."); 6:11-23 ("The need is met by providing a method for detecting subject matter regions in a digital color image having pixels of (red, green, blue) values. This is accomplished by the steps of assigning to each pixel a belief value as belonging to the subject matter region based on color and texture features …and generating a map…"); 6:24-7:9 ("Next, each pixel is assigned 1021 a subject matter belief value in a color and texture pixel classification step based on color and texture features by a suitably trained multi-layer neural network." |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | '573 File History at pg. 119-120, 2005-02-10 Response to October 21, 2004 Office Action ("Claim 1 requires applying the subject matter detector to produce a belief map of values indicating the degree of belief that pixels of the image belong to target subject matter and applying the image enhancement operation by varying the control signal pixel by pixel according to the belief map."); <br><br> '573 Patent at: Abstract; 2:4-15; 2:41-54; 2:57-3:3; 3:9-28; 4:15-67; 5:29-38; 8:36-9:60; 10:3-48; 11:3-36; Figs. 1, 2-7, 9, 10 and associated descriptions. <br><br> '573 File History: pg. 112, 2005-02-10 Response to October 21, 2004 Office Action; pg. 183, 2005-08-31 Response to June 27, 2005 Final Office Action; pg. 193, 2005-08-31 Response to June 27, 2005 Final Office Action; <br><br> and any other intrinsic evidence disclosed or relied upon by Plaintiff. <br><br> EXTRINSIC EVIDENCE: |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
| --- | --- | --- |
| | | US. Patent No. 7,062,085 to Luo et. al. (GE_0019248) at 3:26-54; U.S. Patent No. US 6,987,890 to Joshi et. al. (GE_0019227) at 10:50-62; U.S. Patent No. 6,952,286 to Luo et. al. (GE_0019213) at 5:5-19; U.S. Patent No. 7,860,320 to Luo et. al. (GE_0019262) at 7:5-9; Subject Content-Based Intelligent Cropping of Digital Photos, Luo (2007) (GE_0019184); and any other extrinsic evidence disclosed or relied upon by Plaintiff. |
| | **pixel**:<br>(Appears in: 1*, 2, 7*, 8*)<br><br>*Plain and Ordinary meaning, for example, the smallest element of an image.*<br><br>IMPACT STATEMENT:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so construction of this term is not case or claim dispositive. | **pixel**:<br>(Appears in: 1*, 2, 7*, 8*)<br><br>*a picture element in a two-dimensional grid of such elements that form an image*<br><br>IMPACT STATEMENT:<br>Defendants' construction of this term, if adopted, independently precludes infringement of at least the claims in which this term appears. As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claims remain consistent with what was |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | INTRINSIC EVIDENCE:<br>Any intrinsic evidence disclosed or relied upon by Defendants.<br><br>EXTRINSIC EVIDENCE:<br>Microsoft Computer Dictionary, 5th Edition (2002), pgs. 406-407 (GE_0019135-GE_0019136)<br><br>Hargrave's Communication Dictionary, (2001), pg. 397 (GE_0019129).<br><br>Wiley Electrical and Electronics Engineering Dictionary (2003), pgs. 581, 850 (GE_0019179-GE_0019180); and any other extrinsic evidence disclosed or relied upon by Defendants. | actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'573 Patent at 1:42-64 ("Sharpening an image with unsharp masking can be described with the following equation:<br>$s(x,y)=i(x,y)**b(x,y)+\beta f(i(x,y)-i(x,y)**b(x,y))$<br>where:<br>s(x,y)=output image with enhanced sharpness<br>i(x,y)=original input image<br>b(x,y)=lowpass filter<br>=unsharp mask scale factor f( )=fringe function<br>** denotes two dimensional convolution<br>(x,y) denotes the x-th row and the y-th colunm of an image." 4:1-48 (<br>"… In a preferred embodiment of the present invention, an image i(x,y) having x rows and y columns … For example, each pixel value M(m,n) is equal to lOO*P( pixel (m,n) of the low resolution image represents the target subject matter), where P(A) represents the probability of |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | event A. Alternatively, each pixel value M(m,n) may represent a binary classification indicating belief (after the belief values are thresholded by a pre-determined value)."); 6:54-7:8 ("In an alternative case, one of the subject matter detectors may be used to produce a belief map Mo(x,y) that corresponds to the belief that a given pixel does not represent the any of the target subject matters considered by any of the selected subject matter detectors…In essence, the Mo(x,y) belief map indicates the belief that a given pixel location will be considered as background by all the selected subject matter detectors.");<br><br>'573 Patent at: Abstract; 2:4-15; 2:23-32; 4:62-67; 5:1-10; 6:24-30; 9:49-60; 10:15-29; 12:48-58; Figs. 1, 9-10 and associated descriptions;<br><br>'573 File History: pgs. 189-192, 2005-08-31 Response to June 27, 2005 Office Action<br><br>U.S. Patent No. 6,738,494 to Savakis, et.al. (incorporated by reference in the '573 Patent) at |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | 4:52-57 ("For purpose of this disclosure, a digital image may be thought of as including one or more digital image channels. Each digital image channel is comprised of a two-dimensional array of pixels, where each pixel value relates to the amount of light received by the imaging capture device corresponding to the geometrical domain of the pixel.");<br><br>and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br><u>EXTRINSIC EVIDENCE</u>:<br>Microsoft Computer Dictionary, 5th Edition (2002), pgs. 406-407 (GE_0019135-GE_0019136) ("pixel n. Short for picture (pix) element. One spot in a rectilinear grid of thousands of such spots that are individually "painted" to form an image produced on the screen by a computer or on paper by a printer."); Newton's Telecom Dictionary, 16th Edition 2000), pg. 683 (GE_0019132) ("Pixel Picture Element. The smallest unit of area of a video screen image that can be turned on or off, or varied in intensity."); Hargrave's Communication |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | Dictionary, (2001), pg. 397 (GE_0019129) ("Pixel: An acronym for picture (PIXture) ELement. The smallest area of a display that can be controlled. The actual size is screen and controller dependent."); Wiley Electrical and Electronics Engineering Dictionary (2003), pgs. 581, 850 (GE_0019179-GE_0019180) ("Voxel: Acronym for volume pixel. A unit of graphical information which defines a point in three-dimensional space, while a pixel (1) defines a point in two dimensions. A voxel has x, y, and z coordinates, while pixel has those only for only x and y. It is also an abbreviation of volume element."); U.S. Patent No. 6,748,097 to Ginele et. al. (GE_0019188) at 4:58-65; U.S. Patent No. 7,978,918 to Scalise et. al. (GE_0019276) at 4:34-5:5; and any other extrinsic evidence disclosed or relied upon by Plaintiff. |
| determining the sizes of each of said belief regions in said **belief map**; | | |
| **enhancing the digital image**, **said enhancing** | **enhancing the digital image**: (Appears in: 1*, 7*, 8*) | **enhancing the digital image**: (Appears in: 1*, 7*, 8*) |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **varying pixel by pixel** in accordance with both the degree of belief and the size of the respective said belief region. | *Plain and Ordinary Meaning, for example, performing an image alteration that is beneficial for use of the image*<br><br>IMPACT STATEMENT:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so construction of this term is not case or claim dispositive.<br><br>INTRINSIC EVIDENCE:<br>'573 patent at 1:13-42; 2:34-38; and any other intrinsic evidence disclosed or relied upon by Defendants.<br><br>EXTRINSIC EVIDENCE:<br>*Image enhancement*, Modern Dictionary of Electronics. (7th ed. 1999).<br>*Enhance*, Webster's Third New International Dictionary. (2002); any other extrinsic evidence disclosed or relied upon by Defendants. | *improving the image quality by, for example, sharpening, noise reduction, de-blocking, scene balance adjustment, tone-scale adjustment, noise reduction, color re mapping, and image interpolation*<br><br>IMPACT STATEMENT:<br>Defendants' construction of this term, if adopted, independently precludes infringement of at least the claims in which this term appears. As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claims remain consistent with what was actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'573 Patent at 1:13-20 ("In general, image enhancement involves applying one or more operations to an image to improve the image quality, for example, sharpening improves image |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | details, noise reduction removes image noise, de-blocking removes blocking artifacts caused, for example, by JPEG image compression, scene balance adjustment improves brightness and color balance, and tone-scale adjustment improves image contrast and rendering.");11:37-12:57 ( "Returning to FIG. 1,…the image enhancement operation may be noise reduction, de-blocking, scene balance adjustment, tone scale adjustment, color re-mapping, image interpolation, or any other operations with which one or more attributes of an image can be enhanced. … "); Claim 17 ("The method claimed in claim 16, wherein the image enhancement operations include sharpening, noise reduction, JPEG de-blocking, tone scale adjustment, scene balance adjustment, and color re-mapping.");<br><br>'573 Patent at: Abstract; 1:34-42; 2:16-37; 2:42-54; 2:57-3:3; 3:44-4:6; 7:9-17; 7:9-10:62; Claim 3; Claims 23-28; Figs. 1, 3-10 and associated descriptions;<br><br>'573 File History: pg. 181, 2005-08-31 Response |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
| --- | --- | --- |
| | | to June 27, 2005 Office Action; pgs. 190-195, 2005-08-31 Response to June 27, 2005 Office Action;<br><br>and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br>EXTRINSIC EVIDENCE:<br>Any extrinsic evidence disclosed or relied upon by Plaintiff. |
| | **said enhancing varying pixel by pixel**:<br>(Appears in: 1*, 7*, 8*)<br><br>*Plain and ordinary meaning, for example, choosing whether and by how much to alter individual pixels in the image*<br><br>IMPACT STATEMENT:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so construction of this term is not case or claim dispositive. Under either party's proposed constructions, Defendants have not identified prior | **said enhancing varying pixel by pixel**:<br>(Appears in: 1*, 7*, 8*)<br><br>*choosing whether and by how much to alter the values of each pixel in the image*<br><br>IMPACT STATEMENT:<br>Defendants' construction of this term, if adopted, independently precludes infringement of at least the claims in which this term appears. As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claims remain consistent with what was |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | art that teaches or suggests al of the limitations in the Asserted Claims.<br><br>INTRINSIC EVIDENCE:<br>'573 patent at 1:4-47 (discussing U.S. Pat. No. 5,682,443 issued Oct. 28, 1997, Gouch et al. ("Gouch") 1:44-47.<br>Gouch at 2:66-67; 5:51-55; 6:47-48; and any other intrinsic evidence disclosed or relied upon by Defendants.<br><br>EXTRINSIC EVIDENCE:<br>Any extrinsic evidence disclosed or relied upon by Defendants. | actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'573 Patent at 2:4-37 ("Therefore, there exists a need for determining the types and amounts of enhancement for a particular image, whereby the local quality (e.g., sharpness and color) of the image can be improved depending on detecting different objects or subject matters contained within the image."); 2:42-54 ("The need is met according to the present invention, by providing a method for processing a digital color image that includes providing a subject matter detector for distinguishing between target and background subject matters…and applying image enhancement to the digital image by varying the control signal according to the belief map to produce an enhanced image."); 10:27-36 ("The enhancement control signal generator 34 then creates an enhancement control signal in which the control value at each location is dependent on |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | the corresponding belief map M,(x,y) values, the location map L,(x,y), and the size map S,(x,y).");<br><br>'573 File History at pg. 112, 2005-02-10 Claim Amendment in Response to October 21, 2004 Office Action ("applying image enhancement operation to the digital image by varying the control signal pixel by pixel according to the belief map to produce an enhanced image."); pg. 112, 2005-02-10 Claim Amendment in Response to October 21, 2004 Office Action ("an image enhancement operator responsive to the belief map, said image enhancement operator ~~for~~ controlling the degree of image enhancement pixel by pixel, in accordance with the degree of belief."); pg. 120, 2005-02-10 Response to October 21, 2004 Office Action ("Claim 1 in applying image enhancement to the digital image varies the control signal pixel by pixel according to the belief map."); pg. 191, 2005-08-31 Response to June 27, 2005 Office Action ("Claim 1 also requires analyzing the belief map to provide an analysis result and enhancing that varies pixel by pixel responsive to both the belief map and the |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | analysis result.");<br><br>'573 Patent at: Abstract; 1:13-20; 1:34-47; 4:1-48; 5:34-43; 6:11-7:17; 7:24-8:28; 8:36-9:16; 11:37-59; 12:48-58; Figs. 1, 3-10 and associated descriptions.<br><br>'573 File History: pg. 115, 2005-02-10 Response to October 21, 2004 Office Action; pgs. 181, 189-191 2005-08-31 Response to June 27, 2005 Office Action;<br><br>and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br><u>EXTRINSIC EVIDENCE</u>:<br>Any extrinsic evidence disclosed or relied upon by Plaintiff. |
| **Claim 2** | | |
| 2. The method of claim 1 wherein said applying further comprises assigning one of three or more different belief | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| values to each of the **pixels** of the digital image. | | |
| **Claim 7** | | |
| 7. A system for processing a digital image, comprising: | | |
| **a subject matter detector distinguishing between target and background subject matters in the digital image to produce a belief map of values indicating the degree of belief that pixels in the digital image belong to target subject matter, said values defining a plurality of belief regions**; and | **a subject matter detector distinguishing between target and background subject matters in the digital image to produce a belief map of values indicating the degree of belief that pixels in the digital image belong to target subject matter, said values defining a plurality of belief regions**<br><br>This term is not among the top ten terms permitted by Patent L.R. 4.2(a), but because it is subject to construction under 35 U.S.C. § 112, ¶ 6, it may need to be construed at later date. | |
| **a belief map analyzer** | **a belief map analyzer determining sizes of said belief regions** | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **determining sizes of said belief regions**; | This term is not among the top ten terms permitted by Patent L.R. 4.2(a), but because it is subject to construction under 35 U.S.C. § 112, ¶ 6, it may need to be construed at later date. | |
| an **image enhancement operator enhancing said digital image, said image enhancement operator controlling the degree of image enhancement pixel by pixel, in accordance with both the degree of belief and the size of the respective said belief region**. | Function:<br>*enhance said digital image by controlling the degree of image enhancement pixel by pixel, in accordance with both the degree of belief and the size of the respective said belief region*<br><br>Structure:<br>*computer processor configured to perform one or more of the acts set forth in 1:57-64, 12:20-25, 5:1–9:3 and Fig. 1.*<br><br>IMPACT STATEMENT:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so construction of this term is not case or claim dispositive. Under either party's proposed constructions, Defendants have not identified prior art that teaches or suggests al of the limitations in the Asserted Claims. | Function:<br>*enhance said digital image by controlling the degree of image enhancement pixel by pixel, in accordance with both the degree of belief and the size of the respective said belief region*<br><br>Structure:<br>*computer processor configured to perform the algorithm set forth in Figure 1 and col. 6:63-12:58.*<br><br>IMPACT STATEMENT:<br>This term should be construed as a means-plus-function term under 35 U.S.C. § 112, ¶ 6. Defendants' construction of this term, if adopted, independently precludes infringement of at least the claim in which this term appears. As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claim remains consistent with what was actually disclosed in the specification, argued in the |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | INTRINSIC EVIDENCE:<br>'573 patent at 1:57-64, 12:20-25, 5:1–9:3 and Fig. 1; and any other intrinsic evidence disclosed or relied upon by Defendants.<br><br>EXTRINSIC EVIDENCE:<br>Any extrinsic evidence disclosed or relied upon by Defendants. | prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'573 Patent at: 6:63-12:58; Fig. 1 and associated descriptions;<br><br>and any other intrinsic evidence disclosed or relied upon by Plaintiff<br><br>EXTRINSIC EVIDENCE:<br>Any extrinsic evidence disclosed or relied upon by Plaintiff. |
| **Claim 8** | | |
| 8. A method for processing a digital image, comprising the steps of: | | |
| applying a subject matter detector to the digital image to produce a **belief map** of values indicating the | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B2: Patent 7,092,573**
**Asserted Claims: 1, 2, 4-8**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| degree of belief that **pixels** in the digital image belong to **target subject matter** determining the location and size of each of a plurality of belief regions in said **belief map**; | | |
| **enhancing the digital image**, **said enhancing varying pixel by pixel** in accordance with the degree of belief the size and the location of the respective said belief region. | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

**Construed Terms:** **bold – 1st occurrence in red/underline**
**Proposed Constructions:** *italicized*
Independent claims denoted with "*"

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **Claim 1** | | |
| 1. **A computer method** for modifying an image having a **main subject** and a background **pixels**, comprising the steps of: | **A computer method**:<br>(Appears in: 1*, 14*)<br><br>*A method wherein a computer performs the explicitly claimed functions. Manual intervention is not precluded.*<br><br>IMPACT STATEMENT:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so construction of this term is not case or claim dispositive.<br><br>INTRINSIC EVIDENCE:<br>'668 patent at 1:13-20; 3:52-57; 4:12-15; 9:8-11; 10:8-11; 12:8-10; 12:40-44. 12:54-59; 13:25-28; and any other intrinsic evidence disclosed or relied upon by Defendants. | **A computer method**:<br>(Appears in: 1*, 14*)<br><br>*a method performed entirely by a computer (i.e., without manual intervention)*<br><br>IMPACT STATEMENT:<br>Defendants' construction of this term, if adopted, independently precludes infringement of at least the claims in which this term appears. As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claims remain consistent with what was actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled. |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | EXTRINSIC EVIDENCE:<br>Any extrinsic evidence disclosed or relied upon by Defendants. | INTRINSIC EVIDENCE:<br>'668 Patent at Abstract ("A system and method for automatically altering an image having pixels is disclosed…The system can be implement on a variety of computer systems."); 1:30-46 ("However, whatever affect is desired, the labor intensive manual effort that is needed greatly limits the use of such techniques… Such use is similarly limited by the cost and inconvenience of the manual technique… Consequently, a need exists in the art for an automated method of processing an image having pixels to emphasize a main subject in the image."); 1:49-56; 2:4-12; 3:52-57 ("The present invention includes a method of automatically detecting the main subject of an image and then automatically altering the value of pixels in the image to produce an altered image that emphasizes the image subject. This automation provides the fundamental advantage of eliminating the need for manual intervention."); 5:48-61; 8:9-12; 8:60-62;12:20-25 ("The processes disclosed in the present invention are generally accomplished automatically by a computer. This is consistent with the area of |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
| --- | --- | --- |
| | | technology that deals with digital image processing in general. As such, any of a variety of computer systems and implementations could be used to accomplish the present invention."); 12:38-52 ("An important feature of the present invention is the high level of automation and the general elimination of user input in the emphasizing process… In any case, the identification of the main subject, secondary subjects and background subjects is automated. So is the process of transforming the pixel data and applying the emphasizing functions and transforms…"); 13:33-34;<br><br>'668 File History at: pg. 169, 2004-01-14 Response to Sep. 11, 2003 Office Action ("Claim 91 requires automatically altering of pixel values of the image and that the automatically altering follows the identifying."); pgs. 187-188, 2004-08-27 Appeal Brief ("Applicant's invention is directed to the automatic identification of the main subject of an individual image and, automatically altering the identified region of the image to emphasize the identified region. |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | As noted in the prior art, it was known in the motion picture industry, at the time of the present invention, to manually identify the main subject of an image or frame. After the main subject had been manually identified, such as by manually outlining the subject of interest, the color values were changed to emphasize the identified region. The process was labor intensive and limited by· cost and inconvenience.<br><br>To overcome this problem, the applicant's apparatus as defined in the Claims, to the effect that the main subject of an image is automatically identified so that the pixel values of the image can then be automatically altered to emphasize the main subject."); pg. 224, 2005-10-26 Patent Board Decision ("However, in the situation before us, Appellants have specifically stated that the invention 'provides the fundamental advantage of eliminating the need for manual intervention.'"); pg. 376, 2007-01-12 Examiner Interview Summary ("Authorization for this examiner's amendment was given in a telephone interview… |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | IN THE CLAIMS: Claim 91, line 1, after 'A', insert --computer--."); pg. 381, 2007-01-12 Examiner Interview Summary ("However to place the application in condition for allowance first Applicant need to overcome rejection under 35 USC 112 second paragraph by stating in the preamble of independent claims 91, 106, and 121 computer implemented Method…Reasons for allowance of independent claims… is computer implemented method for modifying an image or digital image modification…Examiner also advised the Applicant's Attorney to delete without manual intervention because computer implemented is inserted. Applicant's Attorney agreed to make changes to claims by an examiner's amendment."); <br><br> '668 Patent at: 1:6-9; 1:13-21; 1:49-56; Figs. 1-4 and associated descriptions; <br><br> '668 File History: pg. 222, 2005-10-26 Patent Board Decision; pg. 249, 2005-12-27 Amendment in response to rejection by Patent Board; pg. 251, 2005-12-27 Amendment in response to rejection |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | by Patent Board;<br><br>and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br>EXTRINSIC EVIDENCE:<br>U.S. Patent No. 7,978,918 to Scalise et. al. (GE_0019276) at 1:24-30; and any other extrinsic evidence disclosed or relied upon by Plaintiff. |
| | **main subject:**<br>(Appears in: 1*, 6, 7, 9, 13*, 14*, 23*)<br><br>Not indefinite<br><br>*Plain and Ordinary meaning, for example, something prominent upon which an operation or process is to be performed.*<br><br>IMPACT STATEMENT:<br>This term is not indefinite and does not render the claims in which it appears invalid. If, however, this terms is found indefinite, it will render the claims in which it appears invalid and, therefore, be claim dispositive as to those claims. If this | **main subject:**<br>(Appears in: 1*, 6, 7, 9, 13*, 14*, 23*)<br><br>Indefinite<br><br>IMPACT STATEMENT:<br>Adopting Defendants' construction of this term would invalidate the asserted claims of the '668 Patent. MPV's construction would render the affected claims inconsistent with what was actually disclosed in the specification and argued in the prosecution history, and create ambiguities as to what is meant by "something prominent," "operation or process." As compared to MPV's |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | term is not found indefinite, Defendants' have offered no alternative construction and the construction of this term is unlikely to be claim dispositive.<br><br><u>INTRINSIC EVIDENCE</u>:<br>'668 patent at 4:33-39; 6:13-21; 12:44-46; 13:42-48 and any other intrinsic evidence disclosed or relied upon by Defendants.<br><br><u>EXTRINSIC EVIDENCE</u>:<br>*Main*, Webster's Third New International Dictionary, (2002).<br>*Subject,* Webster's Third New International Dictionary, (2002);<br>and any other extrinsic evidence disclosed or relied upon by Defendants. | construction, Defendants' construction is necessary to ensure that the affected claims remain consistent with what was actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br><u>INTRINSIC EVIDENCE</u>:<br>'668 Patent at 8:31-34; 13:34-48 ("Reference is directed to FIG. 5 which is a schematic diagram of a exemplary digital image processing by the present invention. The digital image 48 comprises a number of regions…The primary issue in processing this image for emphasis is the question as to what the main subject is… What is correctly the main subject is very much dependent upon this subjective inquiry."); 14:16-31;<br><br>'668 File History at pg. 219-224, 2005-10-26 Patent Board Decision ("Additionally, Appellants' own specification contains plural definitions of the term "main subject""); |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | '668 Patent at: Abstract; 1:57:64; 1:66-2:3; 4:1-15; 4:19-39; 4:42:67; 5:25-29; 6:12-21; 7:66-8:4; 8:63-9:3; 14:16-31; Figs. 1-5 and associated descriptions;<br><br>'668 File History: pg. 170, 2004-01-14 Response to Sep. 11, 2003 Office Action; pgs. 187-189, 2004-08-27 Appeal Brief; pgs. 248-249, 2005-12-27 Amendment in response to rejection by Patent Board;<br><br>and any other intrinsic evidence disclosed or relied upon by Plaintiff<br><br><u>EXTRINSIC EVIDENCE</u>:<br>Subject Content-Based Intelligent Cropping of Digital Photos, Luo (2007) (GE_0019184); and any other extrinsic evidence disclosed or relied upon by Plaintiff. |
| | **<u>pixel</u>:**<br>(Appears in: 1*, 4, 6, 7, 9, 13*, 14*, 15, 16, 23*)<br><br>*Plain and Ordinary meaning, for example, the smallest element of an image.* | **<u>pixel</u>:**<br>(Appears in: 1*, 4, 6, 7, 9, 13*, 14*, 15, 16, 23*)<br><br>*a picture element in a two-dimensional grid of such elements that form an image* |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | IMPACT STATEMENT:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so construction of this term is not case or claim dispositive.<br><br>INTRINSIC EVIDENCE:<br>'668 Patent at 5:21-24 (incorporated by reference U.S. patent application Ser. No. 09/223,860, now U.S. Patent 6,282,317 ).<br>'317 patent at 1:34-37.<br>And any other intrinsic evidence disclosed or relied upon by Defendants.<br><br>EXTRINSIC EVIDENCE:<br><br>Microsoft Computer Dictionary, 5th Edition (2002), pgs. 406-407 (GE_0019135-GE_0019136)<br><br>Hargrave's Communication Dictionary, (2001), pg. 397 (GE_0019129). | IMPACT STATEMENT:<br>Defendants' construction of this term, if adopted, independently precludes infringement of at least the claims in which this term appears. As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claims remain consistent with what was actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'668 Patent at 4:40-52 ("In digital imagery, the pixel values can be defined in several ways. The primary color values red, green, and blue can be used, or, the hue, saturation, and luminance values can be used."); 6:37-46 ("The centrality measure is devised such that every pixel of a given region, not just the centroid, contributes to the centrality measure of the region to a varying degree depending on its location. The centrality measure is defined as: |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | Wiley Electrical and Electronics Engineering Dictionary (2003), pgs. 581, 850 (GE_0019179-GE_0019180); and any other extrinsic evidence disclosed or relied upon by Defendants. | $\text{centrality} = \frac{1}{N_R} \sum_{(x,y) \in R} PDF_{\text{MSD_Location}}(x, y)$<br><br>where (x,y) denotes a pixel in the region R, NR is the number of pixels in region R."); 9:37-42 ("In the vast majority of situation, the images are created with the three color, or red, green, blue color model. Therefore, the pixel values in such images can be described by: $(r^{original}, b^{original}, g^{original})$ "):<br><br>'668 Patent at: Abstract; 1:6-9; 1:13-21; 1:49-56; 2:22:67; 3:1-17; 9:4-11; 11:64-12:10; Figs. 1-4 and associated descriptions;<br><br>and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br>EXTRINSIC EVIDENCE:<br>Microsoft Computer Dictionary, 5th Edition (2002), pgs. 406-407 (GE_0019135-GE_0019136) ("pixel n. Short for picture (pix) element. One spot in a rectilinear grid of thousands of such spots that |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | are individually "painted" to form an image produced on the screen by a computer or on paper by a printer."); Newton's Telecom Dictionary, 16th Edition 2000), pg. 683 (GE_0019132) ("Pixel Picture Element. The smallest unit of area of a video screen image that can be turned on or off, or varied in intensity."); Hargrave's Communication Dictionary, (2001), pg. 397 (GE_0019129) ("Pixel: An acronym for picture (PIXture) ELement. The smallest area of a display that can be controlled. The actual size is screen and controller dependent."); Wiley Electrical and Electronics Engineering Dictionary (2003), pgs. 581, 850 (GE_0019179-GE_0019180) ("Voxel: Acronym for volume pixel. A unit of graphical information which defines a point in three-dimensional space, while a pixel (1) defines a point in two dimensions. A voxel has x, y, and z coordinates, while pixel has those only for only x and y. It is also an abbreviation of volume element."); U.S. Patent No. 6,748,097 B1 to Ginele et. al. (GE_0019188) at 4:58-65; U.S. Patent No. 7,978,918 to Scalise et. al. (GE_0019276) at 4:34-5:5; and any other extrinsic |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | evidence disclosed or relied upon by Plaintiff. |
| automatically identifying the **main subject** of the image, and | | |
| automatically altering **pixel** values of said image to emphasize said **main subject**, said altering following said identifying; | | |
| said altering follows any and all identifying of said **main subject** and wherein said identifying further comprises: segmenting said image into a plurality of regions; and generating a plurality of belief values, each said belief value being associated with one of a plurality | **belief map:**<br>(Appears in: 1*, 13*, 23*)<br><br>*a collection of values, each value relating to the probability that a region is associated with a main subject of the image*<br><br><u>IMPACT STATEMENT</u>:<br>The asserted claims are valid and infringed, either literally or under the doctrine of equivalents, under either proposed construction, and so construction of this term is not case or claim dispositive. | **belief map:**<br>(Appears in: 1*, 13*, 23*)<br><br>*a collection of belief values corresponding to each pixel in the image*<br><br><u>IMPACT STATEMENT</u>:<br>Defendants' construction of this term, if adopted, independently precludes infringement of at least the claims in which this term appears and any other claims containing related terms. As compared to MPV's construction, Defendants' construction is necessary to ensure that the |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| of regions of the image, said belief values each being related to the probability that the associated region is a **main subject** of the image, to provide a **main subject belief map**. | INTRINSIC EVIDENCE:<br>2:10-12; 4:3-5; 5:46-47; 14:55-59; and any other intrinsic evidence disclosed or relied upon by Defendants.<br><br>EXTRINSIC EVIDENCE:<br>Any extrinsic evidence disclosed or relied upon by Defendants | affected claims remain consistent with what was actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'668 Patent at Abstract ("An image is segmented into regions and various features of the regions are extracted and used to calculate a … belief value,…The belief values are assembled into a belief map that is used to define how pixel values are to be altered."); 1:57-2:13 ("The process of identifying the main subject may include the step of segmenting the image into a plurality of regions based on uniform image characteristics. Then, calculating a level of saliency for each of the plurality of regions, and assigning a believe value to the pixels corresponding to the levels of saliency of the image they are a part of."); 5:1-24 ("The belief map therefore contains data in the belief value for all pixels in the image on a region by region basis as well as data on the location of each region."); 8:9-23 ("In an illustrative |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
| --- | --- | --- |
| | | embodiment, the output of main subject detection algorithm is a list of segmented regions ranked in descending order of the likelihood (or belief) that each is a main subject. This list can be readily converted into a belief map in which each region is located and is assigned a belief value proportional to the main subject belief of the region. …. The associated likelihood is also attached to each region so that the regions with large values correspond to regions with higher … belief, that it is part of the main subject."); 8:24-9:27 ("With a gradient-valued main subject belief map, every region or object is associated with a likelihood of being emphasized or de-emphasized.")<br><br>'668 Patent at: 2:4-13; 2:22-57; 4:1-39; 5:1-15; 5:35-47; 6:2-11; 6:33-45; 7:42-64; 10:3-23; 10:38-52; 11:1-7; 11:36-44; Figs. 1-4 and associated descriptions;<br><br>'668 File History: pg. 169-170, 2004-01-14 Response to Sep. 11, 2003 Office Action; pgs. 187,189 2004-08-27 Appeal Brief; pg. 216, 2005-10-26 Patent Board Decision; pg. 219, 2005-10-26 |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | | Patent Board Decision; pgs. 220-222, 2005-10-26 Patent Board Decision;<br><br>and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br>EXTRINSIC EVIDENCE:<br>U.S. Patent No. 7,062,085 to Luo et. al. (GE_0019248) at 3:26-54; U.S. Patent No. US 6,987,890 to Joshi et. al. (GE_0019227) at 10:50-62; U.S. Patent No. 6,952,286 to Luo et. al. (GE_0019213) at 5:5-19; U.S. Patent No. 7,860,320 to Luo et. al. (GE_0019262) at 7:5-9; Subject Content-Based Intelligent Cropping of Digital Photos, Luo (2007) (GE_0019184); and any other extrinsic evidence disclosed or relied upon by Plaintiff. |
| **Claim 4** | | |
| 4. The method of claim 1 wherein said altering **pixel** values further comprises altering **pixel** luminescence. | | |
| **Claim 6** | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| **PATENT CLAIM (Disputed Terms in BOLD)** | **PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE** | **DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE** |
|---|---|---|
| 6. The method of claim 1 wherein said altering emphasizes said **main subject** by altering **pixel** values that are a part of said **main subject**. | | |
| **Claim 7** | | |
| 7. The method of claim 1 wherein said altering emphasizes said **main subject** by altering **pixel** values that are not a part of said **main** subject. | | |
| **Claim 9** | | |
| 9. The method of claim 1 wherein said altering further comprises enhancing saturation of the **pixels** that are a part of said **main subject**. | | |
| **Claim 13** | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| 13. A system for modifying an image having a **main subject** and a background **pixels**, comprising the steps of: | | |
| **means for automatically identifying the main subject** of the image, and **means for automatically altering pixel values of said image to emphasize said main subject**, said altering following said identifying; said altering following any and all identifying of said **main subject** and **wherein said** **means for identifying** **further comprises:** | **means for automatically identifying the main subject of the image . . . wherein said means for identifying further comprises: segmenting said image into a plurality of regions; and generating a plurality of belief values . . .to provide a main subject belief map.** (Appears in: 13*)<br><br>Function:<br>*automatically identify the main subject of the image, segment said image into a plurality of regions; and generate a plurality of belief values … to provide a main subject belief map*<br><br>Structure:<br>*Not indefinite.*<br><br>*computer processor configured to perform one or* | **means for automatically identifying the main subject of the image . . . wherein said means for identifying further comprises: segmenting said image into a plurality of regions; and generating a plurality of belief values . . .to provide a main subject belief map.** (Appears in: 13*)<br><br>Function:<br>*automatically identify the main subject of the image, segment said image into a plurality of regions; and generate a plurality of belief values … to provide a main subject belief map*<br><br>Structure:<br>*Indefinite (no algorithm for segmenting).*<br><br>*For the other portions of the function, a computer* |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **segmenting said image into a plurality of regions; and generating a plurality of belief values**, each said belief value being associated with one of a plurality of regions of the image, said belief values each being related to the probability that the associated region is a **main subject** of the image, **to provide a main subject belief map**. | *more of the acts set forth in 1:57-64, 12:20-25, 5:1–9:3 and Fig. 1.*<br><br>IMPACT STATEMENT:<br>No portion of this term is indefinite and, therefore, does not render the claim in which it appears invalid. If, however, some aspect of this terms is found indefinite, it will render this claim invalid and, therefore, be claim dispositive as to this claim. Defendants have offered no alternative construction for the portion they contend is indefinite. If this term is not found indefinite, any construction is unlikely to be claim dispositive.<br><br>INTRINSIC EVIDENCE:<br>'668 patent at 1:57-64, 12:20-25, 5:1–9:3 and Fig. 1.<br><br>EXTRINSIC EVIDENCE: | *processor configured to perform the acts set forth in Figure 1 and col. 1:57-2:3, 4:1-23, and 5:1-9:3.*<br><br>IMPACT STATEMENT:<br>This term should be construed as a means-plus-function term under 35 U.S.C. § 112, ¶ 6. Defendants' construction of this term, if adopted, would provide an independent ground to invalidate at least the claim in which this term appears. Because no algorithmic structure for implementing the claimed function is provided in the specification, this claim is indefinite. As compared to MPV's construction, Defendants' construction is necessary to ensure that the affected claim remains consistent with what was actually disclosed in the specification, argued in the prosecution history, and not permit MPV to improperly broaden claim scope or capture subject matter beyond that to which it is entitled.<br><br>INTRINSIC EVIDENCE:<br>'668 Patent at: 1:57-2:3; 4:1-23; 5:1-9:3; Fig. 1 and associated descriptions; |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
| --- | --- | --- |
| | | and any other intrinsic evidence disclosed or relied upon by Plaintiff.<br><br>EXTRINSIC EVIDENCE:<br>Any extrinsic evidence disclosed or relied upon by Plaintiff. |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | **means for automatically altering pixel values of said image to emphasize said main subject**<br><br>This term is not among the top ten terms permitted by Patent L.R. 4.2(a), but because it is subject to construction under 35 U.S.C. § 112, ¶ 6, it may need to be construed at later date. | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| **Claim 14** | | |
| 14. **A computer method** of modifying an image having a **main subject** and a background **pixels**, comprising the steps of: | | |
| automatically generating one or more belief values, each said belief value being associated with one of a plurality of regions of the image, said belief values each being related to the probability that the associated region is the **main subject** of the image; | | |
| following said generating, automatically altering **pixel** values in said | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| plurality of regions of said image, in accordance with said associated belief values; | | |
| and said altering follows all said generating. | | |
| **Claim 15** | | |
| 15. The method of claim 14 wherein said altering further comprises: | | |
| determining a saturation value for each **pixel**; and | | |
| altering the **pixel** saturation values according to said associated belief values. | | |
| **Claim 16** | | |
| 16. The method of claim 14 wherein | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| said altering further comprises: | | |
| determining a luminance value for each **pixel**; and | | |
| altering the **pixel** luminance values according to said associated belief values. | | |
| **Claim 23** | | |
| 23. A digital image modification method for use on an input digital image having a **main subject** and a background **pixels** to produce an output image, the method comprising the steps of: | | |
| receiving a user selection of one of a plurality of different types of emphasizing to | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**B3: U.S. Patent 7,212,668**
**Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25**

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| provide a selected emphasis; | | |
| identifying the **main subject** and the background in the input digital image; | | |
| altering **pixel** values of said input digital image, in accordance with said selected emphasis, to provide the output image wherein said **main subject** is emphasized; | | |
| wherein said identifying and altering steps are without manual intervention and wherein said identifying further comprises: segmenting said image into a plurality of regions; and generating a | | |

# APPENDIX B: JOINT CLAIM CONSTRUCTION CHART
## B3: U.S. Patent 7,212,668
## Asserted Claims: 1, 4, 6, 7, 9, 13-16, 23-25

| PATENT CLAIM (Disputed Terms in BOLD) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| plurality of belief values, each said belief value being associated with one of a plurality of regions of the image, said belief values each being related to the probability that the associated region is a **main subject** of the image, to provide a **main subject belief map**. | | |