David T. Pollock (SBN 217546)
Email: dpollock@reedsmith.com
Jonathan I. Detrixhe (SBN 258946)
Email: jdetrixhe@reedsmith.com
**REED SMITH LLP**
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Brian D. Roche (*pro hac vice*, Illinois
Bar No. 6183795)
Email: broche@reedsmith.com
Jillian L. Burstein (*pro hac vice*, Illinois
Bar No. 6312448)
Email: jburstein@reedsmith.com
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

*Attorneys for Defendants GE Healthcare, Inc.
and General Electric Co. and Counterclaimant-
Plaintiff General Electric Co.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONUMENT PEAK VENTURES, LLC<br><br>        Plaintiff and Counterclaim-Defendant,<br><br>    vs.<br><br>GE HEALTHCARE, INC.,<br><br>        Defendant,<br><br>GENERAL ELECTRIC CO.<br><br>        Defendant and Counterclaimant-Plaintiff. | CASE NO. 18-CV-1158 JLS (JLB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS**<br><br>Date: May 30, 2019<br>Time: 1:30 pm (PT)<br>Courtroom: 4D<br><br>Hon. Judge Janis L. Sammartino |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................ 1

II. FACTUAL BACKGROUND ..................................................................... 2

III. ARGUMENT ............................................................................................... 5

    A. Charts For the '573 and '668 Patents Where MPV Provides Citations to Source Code For Some but Not All Asserted Elements Implemented in Software Should Be Amended ....................... 8

    B. Charts For The '573 And '668 Patents That Do Not Include Citations To <u>Any</u> Source Code Should Be Stricken ............................. 11

    C. Both the '910 Patent Charts Should Be Stricken Because MPV Does Not Provide Any Citations to Source Code And Lumps Multiple Products Together Without Adequate Explanation ................ 12

        1. MPV Does Not Provide Any Citations to Source Code For Any Asserted Claim of the '910 Patent ................... 12

        2. MPV Also Failed To Explain How the Grouped Products Either Operate Together to Infringe or Operate in the Same Infringing Way ........... 13

    D. MPV's Claim Charts Must Adequately Explain How Claim Elements Map to the Accused Products ................................................ 15

IV. RELIEF REQUESTED .............................................................................. 16

    A. For Exs. 1a, 1b, 1d, 1h, 1i , 2a, 2b, 2c, 2d, 2j, and 2k The Court Should Compel MPV To Provide Pinpoint Citations to Source Code For Each Element Implemented in Software and Explain How That Software Infringes ................................................ 16

    B. For Ex. 1c, 1e, 1f, 1g, 2e, 3a, and 3b The Court Should Strike the Infringement Contentions Because MPV has Not Been Diligent and Has Violated Its Agreement ............................................... 17

        3. MPV Has Not Been Diligent ........... 18

        4. MPV's Was Aware of the Deficiencies, Promised to Cure Them and Did Not – It's Contentions Should Be Stricken ........... 19

        5. GE Has Been and Continues To Be Unfairly Prejudiced ........... 20

V. CONCLUSION ........................................................................................... 21

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v Samsung Electronics CO. Ltd.*,
   2013 WL 3246094 (N.D. Cal 2013) ........................................................................ 6

*Big Baboon Corp. v. Dell, Inc.*,
   723 F. Supp. 2d 1224 (C.D. Cal. 2010) ...................................................... 5, 16, 18

*Blast Motion, Inc. v. Zepp Labs, Inc.*,
   Case No.: 15-CV-700 JLS (NLS), Dkt. No. 33 (S.D. Cal. Dec. 16,
   2016) ...................................................................................................................... 7

*California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical
   Services, Inc.*,
   No. 4:10-CV-05067 CW (NC), 2011 WL 4505239 (N.D. Cal. Sept.
   27, 2011) .............................................................................................................. 22

*Computer Acceleration Corp. v. Microsoft Corp.*,
   503 F. Supp. 2d 819 (E.D. Tex. 2007) ............................................................ 19, 21

*ConnecTel, LLC v. Cisco Sys., Inc.*,
   391 F. Supp. 2d 526 (E.D. Tex. 2005) ............................................................ 15, 20

*Creagri, Inc. v. Pinnaclife Inc.*,
   LLC, No. 11-CV-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal.
   Nov. 2, 2012) ...................................................................................................... 14

*Diagnostic Sys. Corp. v. Symantec Corp.*,
   No. 06-cv-01211, 2009 WL 1607717 (C.D. Cal. June 5, 2009) ........................ 6, 16

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
   No. 18-CV-02621-WHO, 2019 WL 955000 (N.D. Cal. Feb. 27, 2019).................. 5

*Finjan, Inc. v. Proofpoint, Inc.*,
   No. 13-CV-05808-HSG, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015) ...........*passim*

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Finjan, Inc. v. Sophos, Inc.*,
  No. 14-CV-01197-WHO, 2015 WL 5012679 (N.D. Cal. Aug. 24,
  2015) ............................................................................................................. 8

*InterTrust Tech. Corp. v. Microsoft Corp.*,
  2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) ................................... 6, 22

*Network Caching Tech. LLC v. Novell Inc.*,
  No. C-01-2079-VRW, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002) ............. 6, 17

*Network Prot. Scis., LLC v. Fortinet, Inc.*,
  No. C 12-01106 WHA, 2013 WL 5402089 (N.D. Cal. Sept. 26, 2013) ................. 14

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
  467 F.3d 1355 (Fed. Cir. 2006) ................................................ 5, 17, 21

*REC Software USA, Inc. v. Bamboo Sols. Corp.*,
  No. C11-0554JLR, 2012 WL 3545056 (W.D. Wash. Aug. 16, 2012) .................... 8

*Shared Memory Graphics LLC v. Apple, Inc.*,
  812 F. Supp. 2d 1022 (N.D. Cal. 2010) ........................................... 5, 16

*Shared Memory Graphics LLC v. Apple Inc.*,
  No. C-10-02475 MMC JSC, 2011 WL 3878388 (N.D. Cal. Sept. 2,
  2011) ........................................................................................................... 20

*Sung v. Shinhan Diamond Am., Inc.*,
  No. CV 14-00530 MWF (EX), 2015 WL 12681306 (C.D. Cal. June 9,
  2015) ........................................................................................................... 20

*UltimatePointer, LLC v. Nintendo Co.*,
  No. 6:11-CV-496, 2013 WL 12140173 (E.D. Tex. May 28, 2013) ........................ 6

*Uni-Splendor Corp. v. Remington Designs, LLC*,
  No. CV 16-9316 PA (SSX), 2017 WL 4786085 (C.D. Cal. Aug. 10,
  2017) ........................................................................................................... 19

*Zix Corp. v. Echoworx Corp.*,
  2:15-CV-1272-JRG, 2016 WL 3410367 (E. D. Tex. May 13, 2016) .............. 16, 22

**Rules**

Civ LR 83.1 ................................................................................................. 18

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– iii –

Fed. R. Civ. P. 16(f) ................................................................................ 5, 17

Fed. R. Civ. P. 37(b)(2) ................................................................................. 5

Fed. R. Civ. P. 41(b) ..................................................................................... 17

Pat. L.R. 3.1(c) ............................................................................................. 15

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 3:18-cv-01158-JLS-JLB

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

# I.    INTRODUCTION

MPV has now served four sets of infringement contentions, and each has been deficient. Although the deficiencies in MPV's first set may partially be excused by not yet having had access to GE's source code, each of the three subsequent sets of infringement contentions followed GE's voluminous production of source code. Despite MPV having had access to and conducting inspections of GE's source code for approximately two months, MPV's second set of infringement contentions (Amended Contentions) remained woefully deficient, and were nearly a verbatim copy of its first set of contentions.  GE identified the deficiencies in MPV's Amended Contentions and, to avoid burdening the Court with motion practice, GE and MPV negotiated and reached a detailed agreement in which MPV "agreed to make a good faith effort…to cure the deficiencies GE alleged to be present in MPV's First Amended Infringement Contentions."  The parties jointly requested the Court enter the agreement and adjust the case schedule to permit MPV to serve a third set of infringement contentions (Second Amended Contentions).  The Court finding "good cause" granted the parties' request.

MPV's Second Amended Contentions, however, violated that agreement in many respects.  After further discussion, MPV provided a fourth set of contentions that corrected some violations, but refused to abide by its agreement (and the Court's Order) in three critical respects.  First, some of MPV's '573 and '668 patent charts cite to source code for some but not all of the elements embodied in software.  Where MPV cites to source code, it vaguely cites only to pages, does not provide the "pinpoint" citations required by the parties' agreement, and does not adequately explain how the cited source code maps to the specific claim elements in each asserted claim.  Second, for the other '573 and '668 patent charts and for both the '910 patent charts, MPV does not cite to any source code, whatsoever.  Third, the '910 patent

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

charts group together either six or seven separate products but do not "explain in detail the basis" that such combined products "operate in the same manner" or make its identification of such combinations as "specific as possible." In fact, those charts fail to cite to any documents that relate to three of the 13 combined products.

MPV's time for trolling the waters for infringement theories has long since passed. GE made available the source code and related documents months ago and made every reasonable accommodation so that MPV could fulfill its agreement and adhere to the Court's Order and Rules. MPV has already been given four chances to comply with Patent L.R. 3-1 and has either refused to comply or is incapable of complying. GE requests that the Court enforce the parties' agreement and the Court's rules by: a) for the '573 and '668 charts where MPV has cited to source code pages for some, but not all, claim elements embodied in software, compel MPV to provide pinpoint citations to source code for every such claim element and explain how such source code maps to each claim element; b) for the '573 and '668 charts where MPV failed to cite to any actual source code for any element, strike the allegations of infringement; and c) for the '910 charts where MPV failed to cite to any actual source code for any element and lumped together multiple products with no explanation or detailed identification of how the combinations work together, strike the allegations of infringement.[1]

## II.   FACTUAL BACKGROUND

MPV currently asserts three patents—U.S. Patent Nos. 6,509,910 ("the '910 patent"), 7,092,573 ("the '573 patent") and 7,212,668 ("the '668 patent"). ECF No. 36. Pursuant to Patent L. R. 3.3, and the September 6, 2018 Case Management Order, MPV served its first Infringement Contentions on October 3, 2018. ECF No. 34. GE made available for inspection the source code for the accused products on December

---

[1] GE filed a motion to stay pending its IPRs on Apr. 30, 2019 (Dkt. 53). This motion and GE's motion to stay are currently scheduled to be heard on May 30, 2019.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3, 2018, and made available numerous related technical documents pursuant to the Protective Order entered in this action.[2]  ECF No. 38; Declaration of David T. Pollock ("Pollock Decl."), ¶ 2.  On January 28, 2019, and after inspecting GE's source code for two days, MPV served its Amended Infringement Contentions.  Pollock Decl., ¶¶ 3, 4.  On January 29, 2019, counsel for GE sent a letter to counsel for MPV detailing numerous deficiencies in those contentions.  *Id.*, ¶ 4; Ex. A.

Between January 30 and February 8, 2019, GE met and conferred with MPV and requested MPV to correct deficiencies present in MPV's First Amended Contentions.  *Id.*, at ¶ 5.  The parties negotiated a detailed agreement and schedule so that MPV could further inspect GE's source code and cure those deficiencies in new contentions.  *Id.*  On February 08, 2019, the parties submitted their agreement in the form of a Joint Request to Amend the Case Management Order.  ECF No. 47.  In particular, MPV agreed to provide "Second Amended Infringement Contentions to cure the deficiencies" that GE identified "and comply with Patent L.R. 3.1 as interpreted by the courts, including:

a)  To the extent MPV alleges that an Accused Instrumentality meets an element of an Asserted Claim based on a feature or function of the Accused Instrumentality that is implemented by software, MPV agrees to provide pinpoint citations to GE's source code identifying the location of each such element.

b)  …

c)  … to provide, separately for each Accused Instrumentality, a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, as required by Patent L.R. 3.1(c).

---

[2] GE made its source code available for all the accused products except for "GE Health Cloud," which GE communicated to MPV on multiple occasions does not correspond to any GE image processing or image sharing product.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

d)     If MPV alleges that … an Accused Instrumentality operates in the same manner as another Accused Instrumentality…MPV agrees to explain in detail the basis for its contention that the Accused Instrumentalities operate in the same manner …

e)      If MPV alleges that a combination of Accused Instrumentalities infringe any Asserted Claim, MPV shall make its 'identification' of any such combination of Accused Instrumentalities 'as specific as possible,' as required by Patent L.R. 3.1(b)."

*Id*. at 6-7.   On February 12, 2019, the Court granted the parties' Joint Request and issued an Amended Case Management Order.  ECF No. 48.

MPV's counsel and MPV's expert inspected GE's source code on February 18 and 19, 2019.  *See* Pollock Decl., ¶ 3.  MPV's counsel returned and inspected GE's source code without the expert on March 18-21, 2019.  *Id*.  On April 1, 2019, MPV served its Second Amended Infringement Contentions ("SAICs"), which violated the parties' agreement in many respects.  *Id*., ¶ 6; *See* Ex. G.  GE pointed out numerous violations of the parties' agreement and on April 5, 2019, MPV served Corrected Second Amended Infringement Contentions ("CSAICs"), alleging infringement of 39 claims.[3]  *Id*.; *See* Ex. H.  But the CSAICs were still deficient in many respects and did not reflect the "good faith effort" MPV promised in the parties' agreement.  *Id*.

On April 15, 2019 and after a thorough review of the voluminous claim charts, GE wrote to MPV regarding the remaining deficiencies in MPV's CSAICs.  Pollock Decl. ¶ 7; Ex. B.  GE listed six specific violations of the parties' agreement and asked that MPV amend or withdraw all its claim charts.  *Id*.  On April 16, MPV sent a letter denying that it had violated the parties' agreement, refusing to amend or withdraw its claim charts, and stating that "MPV will continue to supplement and amend its

[3] For example, MPV's Second Amended Infringement Contentions included boilerplate Doctrine of Equivalents allegations, in clear violation of the parties' agreement. When GE requested that MPV cure the deficiency, MPV withdrew its DOE allegations in its Corrected Second Amended Infringement Contentions.

– 4 –

Case No. 3:18-cv-01158-JLS-JLB

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    infringement contentions…"  *Id.*, ¶ 8; Ex. C.  The parties met by telephone on April

2    17 and MPV again refused to withdraw its charts as requested by GE and sent a follow

3    up letter repeating the refusal.  *Id.*, ¶¶ 8, 9; Ex. D.

4    **III.    ARGUMENT**

5            The purpose of local patent rules is to streamline discovery and "provid[e]

6    structure to discovery and enable the parties to move efficiently toward claim

7    construction and the eventual resolution of their dispute."  *Shared Memory Graphics*

8    *LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010).  Patent local rules

9    are "designed specifically to require parties to crystallize their theories of the case

10   early in the litigation so as to prevent the shifting sands approach to claim

11   construction."  *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1364

12   (Fed. Cir. 2006) (internal quotations and citation omitted).  The local patent rules "are

13   essentially a series of case management orders."  *Id. at* 1363.  A party's failure to

14   comply with the Court's rules "or with any order of the court may be grounds for

15   imposition by the court of any and all sanctions authorized by statute or rule or within

16   the inherent power of the court."  *See* S.D. Cal. Civ. R. 83.1.  The court may impose

17   any "just" sanction for the failure to obey a scheduling order, including "prohibiting

18   the disobedient party from supporting or opposing designated claims or defenses, or

19   from introducing designated matters in evidence."  Fed. R. Civ. P. 16(f); Fed. R. Civ.

20   P. 37(b)(2).

21           Disputes over the sufficiency of infringement contentions are common,

22   especially when the accused instrumentality includes computer software.  *See, e.g.,*

23   *Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1226 (C.D. Cal. 2010); *Finjan,*

24   *Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2019 WL 955000,

25   at *5 (N.D. Cal. Feb. 27, 2019).  Indeed, preparing contentions for software products

26   is difficult, especially before a plaintiff receives access to the relevant source code.

27   *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920 at *10

28

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 (N.D. Cal. Apr. 2, 2015) ("At the Patent Local Rule 3-1 Disclosure stage, a plaintiff

2 must put forth information so specific that either reverse engineering or its equivalent

3 is required.") (citing *InterTrust Tech. Corp. v. Microsoft Corp.*, 2003 WL 23120174,

4 at *3 (N.D. Cal. Dec. 1, 2003)); *Network Caching Tech. LLC v. Novell Inc.*, No. C-01-

5 2079-VRW, 2002 WL 32126128, at *5 (N.D. Cal. Aug. 13, 2002) ("reverse

6 engineering or its equivalent is required.").

7    But after "a plaintiff-patentee has had a reasonable opportunity to review the

8 source code for the defendant's accused software product…the patentee must fish or

9 cut bait with respect to its specific theory of infringement by providing [infringement

10 contentions] that clearly identify and explain how the source code for the accused

11 product infringes upon specific claims for the patent-in-suit."[4] *Diagnostic Sys. Corp.*

12 *v. Symantec Corp.*, No. 06-cv-01211, 2009 WL 1607717, at *5 (C.D. Cal. June 5,

13 2009).

14    With the goal of avoiding with motion practice compelling supplementation of

15 MPV's contentions, and in an attempt to short-circuit future disputes over what

16 standard should apply to those contentions, GE proposed to MPV a set of criteria that

17 the SAICs should meet.  *See* Pollock Decl., ¶ 5.  The parties negotiated the terms of

18 the agreement, presented it to the Court, and jointly requested that the Court amend

19

20

21 [4] MPV should not be heard to complain that preparing adequate infringement
contentions is a complex and time-consuming task, especially where, as here, it chose

22 to assert multiple patents against multiple products with voluminous source code.
*See, e.g., UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 WL

23 12140173, at *2 (E.D. Tex. May 28, 2013) ("the breadth of the accused products does
not excuse Plaintiff from the duty of providing infringement contentions that are

24 reasonably precise and detailed to provide defendants with adequate notice of the
plaintiff's theories of infringement"); *Apple Inc. v Samsung Electronics CO. Ltd.*, 2013

25 WL 3246094, *13 (N.D. Cal 2013) (denying permission to amend infringement
contentions because argument about the "size of the production" was "unavailing").

26 As such, GE was surprised that MPVs initial source code inspection in advance of the
January 28, 2019 deadline for Amended Infringement Contentions lasted only two

27 days and was conducted by only counsel.  Pollock Decl., ¶ 3.  Because of that lack of
diligence, however, GE was not surprised that those Amended Infringement

28 Contentions had numerous deficiencies.  *Id.*, ¶ 4.

– 6 –                                Case No. 3:18-cv-01158-JLS-JLB

1   the Case Management Order to reflect the agreement.  *Id*.; ECF No. 47.  The Court,

2   finding that the parties had shown good cause, granted the Request.  ECF. No. 48.

3        In advance of the deadline for the Second Amended Infringement Contentions,

4   counsel for MPV and an expert inspected GE's source code and other technical

5   documents on the source code computer for two days—February 18 and 19.  *See*

6   Pollock Decl., ¶ 3.  MPV then waited for a month and its counsel returned for four

7   additional days, from March 18-21—just two weeks before the deadline.  *Id*.  MPV

8   did not provide the required notice for its inspecting counsel, but GE waived that

9   requirement of the Protective Order and permitted the inspection.  *Id*.  MPV also

10  requested print outs of hundreds more pages of documents than the page limit that it

11  agreed to in the Protective Order for printing source code and, despite authority

12  supporting strict enforcement of such limits, GE agreed to increase the limit by 50%.

13  *Id*.; ECF No. 38; *See* Ex. J *Blast Motion, Inc. v. Zepp Labs, Inc.*, Case No.: 15-CV-

14  700 JLS (NLS), Dkt. No. 33 (S.D. Cal. Dec. 16, 2016).

15       Despite GE's cooperation, MPV selected for printing only a very limited

16  amount of actual source code for only a few products.  MPV chose, instead, to use

17  most of its printed pages limit on descriptions of features and functionality, table of

18  contents, revision histories and definitions from non-source-code technical documents.

19  *See* Ex. I.  As a result and because of MPV's agreement to provide pinpoint citations

20  to source code, GE expected that MPV would drop its accusations of infringement

21  against the products for which no source code was printed.  Pollock Decl., ¶ 6.

22  Instead, MPV's SAICs still alleged that 23 products of infringed the patents-in-suit—

23  those allegations violated the parties' agreement in several respects.  *Id.*

24       As explained below, certain of MPV's charts violate MPV's promise "to cure

25  the deficiencies" GE identified in the Amended Infringement Contentions, in three

26  specific ways—incomplete and non-pinpoint citations to source code; no citations

27  whatsoever to source code; lumping groups of products together—and all the charts

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –

provide inadequate explanation of how the accused products allegedly practice the asserted claims.

**A.    Charts For the '573 and '668 Patents Where MPV Provides Citations to Source Code For Some but Not All Asserted Elements Implemented in Software Should Be Amended**

MPV agreed to provide pinpoint citations[5] to source code for "each" element it contends is implemented in software,[6] *see* ECF No. 47 at 6, but violated that agreement.  For certain of its '573 and '668 patent charts, MPV provides citations to source code for some, but not all, of the asserted claim elements embodied in software.[7]  For example, in Ex. 1d, for claim 1 of the '573 patent, MPV provides the citations to source code for claim elements 1a and 1c,  but not for 1b, as illustrated in the table below, *see* Ex. I:

| Claim element | Citations to documents on source code computer – description |
|---|---|
| 1pre. | GE-SC-0000211 –  concept description; no source code |

---

[5] Pinpoint citations means "full directory path[s], file name[s], function or procedure name[s] [and] line numbers." *See Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2015 WL 5012679, at *3 (N.D. Cal. Aug. 24, 2015); *REC Software USA, Inc. v. Bamboo Sols. Corp.*, No. C11-0554JLR, 2012 WL 3545056, at *3 (W.D. Wash. Aug. 16, 2012) ("plaintiff's infringement contentions should provide pinpoint citations to specific portions of computer code once a plaintiff has had a sufficient opportunity to review the source code.").

[6] In its April 18 letter, MPV asserts that certain dependent claim limitations are not implemented in software. *See* Pollock Decl., ¶ 9; Ex. D.  GE disagrees with many of those assertions. *See, e.g.*, Ex. 3a. claim 12 ("allowing a member of one…of the share groups to also be a member of at least one other share group") where MPV alleges that AWE Server, which is a software product, implements this element; Ex. 2a, claim element 1c ("altering follows identifying of…main subject…") where MPV alleges that Volume Viewer, which is a software product, implements this element.  GE will meet and confer with MPV to discuss the parties' positions as to these claims.

[7] *See* '573 patent: Ex. 1a (lacking pinpoint citations at least for limitation 1c); Ex. 1b (lacking pinpoint citations at least for limitation 1c); Ex. 1d (lacking pinpoint citations at least for limitation 1b); Ex. 1h (lacking pinpoint citations at least for claim 2); Ex. 1i (lacking pinpoint citations at least for limitation 1b); and *see* '668 patent: Ex. 2a (lacking pinpoint citations at least for claim 4); Ex. 2b (lacking pinpoint citations at least for limitation 1c); Ex. 2c (lacking pinpoint citations at least for limitation 1c); Ex. 2d (lacking pinpoint citations at least for limitation 1a); Ex. 2j (lacking pinpoint citations at least for limitation 1d); Ex. 2k (lacking pinpoint citations at least for limitation 1c).

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

| 1a. | GE-SC-0000549 – algorithm description; no source code<br>GE-SC-0000748-52 – 5 pages containing source code<br><u>GE-SC-0000277-84 – 8 pages containing source code</u><br><u>GE-SC-0000229-256 – 28 pages containing source code</u><br>GE-SC-0000550 – discussion of feature; no source code,<br><u>GE-SC-0000001-08 – 8 pages containing source code</u><br>GE-SC-0000548-49 – description of function; no source code<br>GE-SC-0000543 – workflow diagram; no source code<br>GE-SC-0000553 – description of function; no source code<br>GE-SC-0000553-54 - description of function; no source code |
|------|------|
| 1b. | GE-SC-0000550 – discussion of feature; no source code<br>GE-SC-0000558 – description of function; no source code<br>GE-SC-0000545-47 – description of function; no source code<br>GE-SC-0000559-60 – description of function; no source code<br>GE-SC-0000553 – description of function; no source code |
| 1c. | GE-SC-0000539 – segregation diagram; no source code<br>GE-SC-0000562 – description of function; no source code<br><u>GE-SC-0000723-24 – 2 pages containing source code</u><br>GE-SC-0000545 – description of function; no source code<br>GE-SC-0000554-55 – description of function; no source code |

Likewise, in Ex. 2k, for claim 1 of the '668 patent, MPV provides citations to source code for claim element 1d but not for 1a, 1b, and 1c, as illustrated in the table below, *see* Ex. I:

| Claim element | Citations to documents on source code computer – description |
|------|------|
| 1pre. | GE-SC-0000205 – design overview; no source code<br>GE-SC-0000175–77 – architecture overview; no source code |
| 1a. | GE-SC-0000205 – design overview; no source code<br>GE-SC-0000175–76 – architecture overview; no source code |
| 1b. | GE-SC-0000175–76 – architecture overview; no source code |
| 1c. | No citations to any source code |
| 1d. | GE-SC-0000175–76 – architecture overview; no source code<br><u>GE-SC-0000723–24 – 2 pages containing source code</u> |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

Furthermore, where MPV does provide citations to source code, it does so by vaguely citing to pages of source code—not the required and promised pinpoint citations. *See, e.g.*, Ex. 1d, claim element 1a, (GE-SC-0000229-256, citing to over 25 pages of source code), Ex. 2b, claim element 1d (GE-SC-00000736-747 citing to 11 pages of source code). *See* Ex. I.

For some other elements MPV cites to pages from various design documents on the source code computer but those cited pages do not contain any source code.[8] Instead, the pages MPV cites contain, for example, flowcharts and description of features. For example, in Ex. 1b, for claim element 1c, MPV cites to the following: GE-SC-0000362, GE-SC-0000388, GE-SC-0000093, but none of these cited pages contains any source code. *See* Ex. I. GE-SC-0000362 shows an architecture diagram, GE-SC-0000388 describes a feature, and GE-SC-0000093 shows a flowchart. And likewise, *see, e.g.*, Ex. 2b, claim element 1b (citing GE-SC-0000362; GE-SC-0000356, GE-SC-0000388, GE-SC-0000093, GE_0004939, GE_0005197, GE_0004952, GE_0005210, GE_0005010, GE_0005122), see *Ex.* I at (GE-SC-0000362 unit decomposition diagram, no source code); (GE-SC-0000356 showing behavior diagram, no source code); (GE-SC-0000388 presentation slide, no source code); (GE-SC-0000093 depicting flowchart, no source code); and (GE_0004939 screen capture and description, no source code); (GE_0005197 screen capture and description, no source code); (GE_0004952 tool description, no source code); (GE_0005210 tool description, no source code); (GE_0005010 tool description, no source code); (GE_0005122 tool description, no source code). And for some claim elements MPV cites to other technical documents that contain high level descriptions of the software packages. *See, e.g.*, Ex. 1d, claim element 1c (GE_0006652 providing

---

[8] Pursuant to the Protective Order GE produced these documents because they contain flow charts, pseudo code, source code, code templates for various software features, formulas, engineering specifications, schematics that define or otherwise describe the algorithms or structure of software. *See* ECF. No 38, Section 2g. Production on the source code computer does not transform non-source code into source code.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  high level description of the software package); Ex. 2j, claim element 1a

2  (GE_0006610 providing high level description of the software package).

3       Though MPV promised to provide pinpoint citations to source code for each

4  element embodied in software, MPV's '573 and '668 charts in Exs. 1a, 1b, 1d, 1h, 1i,

5  2a, 2b, 2c, 2d, 2j, and 2k fail to do so for all such claim elements.  This failure

6  Accordingly, as explained in Section IV below, GE requests that the Court compel

7  MPV to provide citations to source code for each element MPV contends is

8  implemented in software and explain how such source code maps to each such

9  element.

10       **B.   Charts For The '573 And '668 Patents That Do Not Include**

11       **Citations To <u>Any</u> Source Code Should Be Stricken**

12       For certain other charts for the '573 and '668 patents MPV does not provide

13  citations to source code, at all.  *See* Exs. 1c, 1e, 1f, 1g ('573 Patent) and Ex. 2e ('668

14  patent).  MPV instead points to some combination of publicly-available information,

15  other technical documents, and pages of documents on the source code computer that

16  describe various functions, but do not contain any source code.  For example, in Ex.

17  1c, for claim element 1b, MPV cites to GE_0003945, GE_0003938, GE_0003962,

18  GE_0004001, GE_0004002, and GE_0004012.  None of these pages contain any

19  source code—they are high level discussions of certain features of some products and

20  tools.  GE_0003945 provides description of a feature; GE_0003938 discusses use of a

21  base image; GE_0003962 has a discussion of applications in the tool; GE_0004001

22  and GE_0004002 discuss tissue classification; and GE_0004012 discusses steps to

23  start a certain feature in the tool.  Likewise, *see, e.g.*, Ex. 2e, claim element 1d citing

24  (GE-SC-0000430, GE-SC_0000427–GE-SC_0000431, GE_0003469, GE_0003497),

25  *see* Ex. I at (GE-SC-0000430 showing graph of atomic numbers); (GE-SC_0000427–

26  GE-SC_0000431 describing equations); and (GE_0003469 showing image);

27  (GE_0003497 showing spectral and dispersion curves).

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

MPV has not offered any legitimate excuse or explanation for its failure to provide the promised pinpoint citations to source code for elements embodied in software.  ECF No. 47 at 6.  This failure could be caused by a lack of diligence, a lack of expert input, a tactic to avoid summary judgment, or simply because the accused products do not implement the claim limitations.  Regardless, MPV's violation is so flagrant that GE requests that the Court strike MPV's contentions for those '573 and '668 charts where MPV has not provided a single citation to source code, as detailed in Section IV below.

### C. Both the '910 Patent Charts Should Be Stricken Because MPV Does Not Provide Any Citations to Source Code And Lumps Multiple Products Together Without Adequate Explanation

Like in certain charts for the '573 and '668 patents, MPV does not cite to any source code in either of the two '910 patent charts.  Compounding that violation of the parties' agreement, the '910 patent charts also group together either six or seven separate products but MPV does not "explain in detail the basis" that such combined products "operate in the same manner" or make its identification of such combinations "as specific as possible."  ECF No. 47 at 7 (¶¶ 2d, 2e).  In fact, the charts fail to cite to any documents whatsoever that relate to three of the 13 combined products.

### 1. MPV Does Not Provide Any Citations to Source Code For Any Asserted Claim of the '910 Patent

MPV accuses 13 products across two charts of infringing the '910 patent but neither chart includes any citations to source code.  *See* Exs. 3a, 3b.  Instead, in both charts MPV points to pages of documents on the source code computer that describe certain features of certain products at a high level, other technical documents, publicly available information, or some combination thereof.  For example, in Ex. 3a, for claim element 1d, MPV cites to the following documents produced on the source code computer: GE-SC-0000037-38, GE-SC-0000054-55, GE-SC-0000057, GE-SC-

– 12 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

0000059-60, GE-SC-0000063, GE-SC-0000066.  None of these pages contains any source code, *see* Ex. I—they are high level discussions of certain features of some products.  *See e.g.*, GE-SC-0000037-38 (state diagram), GE-SC-0000054-55 (description of server and client), GE-SC-0000057 (list of functions), GE-SC-0000059-60 (platform diagram and description), GE-SC-0000063 (table of key categories and importance rating), and GE-SC-0000066 (showing table of workflow use case names).  Likewise, in Ex. 3b, for claim element 1c, MPV cites to a single page from a document produced on the source code computer, GE-SC-0000099, which contains a table of definitions for various terms, *see* Ex. I, and cites to other technical documents like administrator, user guides, and publically available literature describing high level features (*see, e.g.*, https://www.gehealthcare.com/products/healthcare-it/enterprise-imaging/centricity-imaging-collaboration-suite).  This violates Paragraph 2a of the parties' Joint Request (ECF No. 47 at 6).

> **2.      MPV Also Failed To Explain How the Grouped Products Either Operate Together to Infringe or Operate in the Same Infringing Way**

MPV's initial Amended Infringement Contentions accused four products lumped together as "AW Platform" and seven products lumped together as "Centricity Platform" of infringing the '910 patent.  *See* Pollock Decl., ¶ 4, Ex. F.  GE identified this multiple-product deficiency, which also had been recognized by courts as problematic.  *See* Pollock Decl., ¶ 4; Ex. A; *Finjan*, 2015 WL 1517920, at *4 ("The object of the Patent L.R. 3.1(c) is to delineate and crystalize theories of infringement as to each accused product, which is **not well-served by creating charts that address multiple distinct products at once**.") (emphasis added).  As part of the Joint Request to Amend the Case Management Order, GE insisted that MPV cure this defect, proposed language concerning groups of products, and secured MPV's

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  agreement to two paragraphs that specifically addressed this issue.  Pollock Decl ¶ 5;

2  ECF No. 47 at 7 (¶¶ 2d (operate in the same manner), 2e (combination of products)).

3      In its CSAICs claim charts for the '910 patent, however, MPV now lumps six

4  products together in one chart (Ex. 3a, "AWE Platform") and still lumps seven

5  together in the other (Ex. 3b, "Centricity Platform").  But these new charts neither

6  assert nor explain how the lumped products operate in the same way, nor set forth and

7  explain how they operate together.[9]  And the charts merely define the respective

8  grouping of products as a "Platform" but do not identify any common infringing

9  component in the grouped products or explain if the grouped products all infringe the

10 same way.  *See* Ex. D at 2; Ex. 3a at pg.1; Ex. 3b at pg. 1.  Indeed, a court considering

11 sufficiency of a chart that lumped together five products expressed its doubts that such

12 a chart "**could ever satisfy** the language or purpose of Patent Local Rule 3-1(c)."

13 *Finjan*, 2015 WL 1517920, at *4 ("[T]he Court questions whether lumping

14 information about five products into a single claim chart (absent a common infringing

15 element) could ever satisfy the language or purpose of Patent Local Rule 3-1(c).").

16     MPV also admitted in recent correspondence that two of the products that make

17 up the six-product AWE Platform grouping, and one of the products that make up the

18 Centricity Platform grouping, are not referenced—at all—in the respective chart.  *See*

19 Ex. D at pg. 2.  As such the '910 charts violate MPV's agreement to "explain in detail

20 the basis for [any] allegation that the Accused Instrumentalities operate in the same

21 manner" and they violate MPV's agreement to make identify any accused

22 combination of products "**as specific as possible**."  ECF No. 47 at 7.  (emphasis

23 added).

24

25 _____

[9] Courts do permit one chart to apply to multiple products, but only when there is a
26 detailed explanation of how all the lumped products operate in the same manner or
include an identical accused feature.  *Network Prot. Scis., LLC v. Fortinet, Inc.*, No. C
27 12-01106 WHA, 2013 WL 5402089, at *3 (N.D. Cal. Sept. 26, 2013); *Creagri, Inc. v.
Pinnaclife Inc.*, LLC, No. 11-CV-06635-LHK-PSG, 2012 WL 5389775, at *5 (N.D.
28 Cal. Nov. 2, 2012).  MPV makes no such contention here.

1  MPV has not and cannot offer any legitimate excuse or explanation for its

2  failure to provide the promised pinpoint citations to source code for the asserted claim

3  elements implemented in software.  ECF No. 47 at 6.  Nor is there any legitimate

4  excuse or explanation for its failure to cure the deficiencies caused by grouping six

5  and seven separate products together as a "Platform" in its '910 patent charts.  Like its

6  failure to cite any source code for certain '573 and '668 charts, MPV's additional

7  violations for the '910 charts are so flagrant that GE requests that the Court strike

8  MPV's contentions for the '910 patent entirely, as explained below.

9  **D.  MPV's Claim Charts Must Adequately Explain How Claim**
   **Elements Map to the Accused Products**
10

11  None of MPV's claim charts provides adequate discussion or explanation of

12  how the specific claim elements in each asserted claim map onto the pinpoint-cited

13  source code for the accused products.  *See* ECF No. 47 at 7 (¶ 2c); Pat. L.R. 3.1(c)

14  (requiring "a chart identifying specifically where each element of each asserted claim

15  is found within each Accused Instrumentality"); *Finjan*, 2015 WL 1517920, at *7

16  (requiring patentee to "**expressly discuss** the particular claim elements identified in

17  each Claim and map those elements onto the features of the allegedly infringing

18  products.") (emphasis added); *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d

19  526, 527 (E.D. Tex. 2005) ("Plaintiffs … must explain with great detail their theories

20  of infringement.").  For example, in Ex. 1d, for claim element 1a, MPV cites to 8

21  pages of source code (GE-SC-0000277-84) and states "TVCAR applies a subject

22  matter detector in the form of an algorithm design to segment a bronchial tree from a

23  CT lung image. GE-SC–0000549; GE-SC–0000748–52; GE-SC–0000277–84."  It

24  does not discuss or explain how any of the 8 pages of source code it cites map to any

25  portion of the claim element.

26  MPV's promise in the Joint Request to provide charts "identifying specifically

27  where each element of each asserted claim is found within each Accused

28

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Instrumentality" requires explanation of how the cited source code maps to the claim elements and sub-elements identified in each asserted claim. *Finjan*, 2015 WL 1517920, at \*7 ("In order to satisfy Patent Local Rule 3–1(c) as to Claim 1a, [plaintiff] was required to identify what structure, act, or material in each of the [accused] Products infringes each claim element. In other words, what constitutes the 'first function,' 'second function,' and the 'input" in the allegedly infringing [accused] Products"); *Diagnostic Systems Corp.*, 2009 WL 1607717, at \*6 (holding that plaintiff must "expressly **identify and describe[e]** what, if any, source code for [defendant's] specific accused software products infringe upon [each of the asserted] claims.") (emphasis added). Such rule-compliant contentions "could well set up an early motion for summary judgment or partial summary adjudication on affected claims." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022 (N.D. Cal. 2010)

To the extent the Court compels or permits Third Amended Infringement Contentions (which would be MPV's fifth set), GE requests that any new contentions expressly identify source code with pinpoint citations and explain how that code meets each element and critical sub-elements of each claim implemented in software.

## IV.   RELIEF REQUESTED

### A.   For Exs. 1a, 1b, 1d, 1h, 1i , 2a, 2b, 2c, 2d, 2j, and 2k The Court Should Compel MPV To Provide Pinpoint Citations to Source Code For Each Element Implemented in Software and Explain How That Software Infringes

Once source code has been made available for inspection, courts have required plaintiffs to supplement their infringement charges with pinpoint citations. *See Big Baboon*, 723 F. Supp. 2d 1224 at 1230 (granting accused infringer infringer's motion to compel patentee to provide detailed supplemental infringement claim charts with pinpoint citations to the accused infringer's source code.); *Zix Corp. v. Echoworx Corp.*, 2:15-CV-1272-JRG, 2016 WL 3410367, at \*2 (E. D. Tex. May 13, 2016) (after accused infringer had produced its source code, striking deficient contentions and

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

ordering amended infringement contentions to include identification of the specific source code of the accused product).

With respect to some charts for the '573 and '668 patents MPV appears to have made at least some attempt to abide by its promise to provide pinpoint citations to source code for each element, though it only provides citations to source code pages and for only some elements.  GE therefore requests that the Court enforce the parties' agreement, and for the '573 and '668 charts where MPV has cited to source code pages for some, but not all, claim elements implemented in software, compel MPV to provide pinpoint citations to source code for every such claim element, where such pinpoint citations should include full directory path[s], file name[s], function or procedure name [s], and line numbers, and explain how such source code maps to each element of each asserted claim.

GE further requests that, if the Court does not stay the case pending the IPRs (*see* ECF No. 53), the Court at least stay the case until 30 days after MPV provides its revised infringement contentions.  *See Network Caching Tech.,* 2002 WL 32126128, at *7 (staying discovery until after plaintiff provided revised contentions.)

**B.     For Ex. 1c, 1e, 1f, 1g, 2e, 3a, and 3b The Court Should Strike the Infringement Contentions Because MPV has Not Been Diligent and Has Violated Its Agreement**

MPV's claims against these products should be dismissed with prejudice under Federal Rule of Civil Procedure Rule 41(b) because "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  In addition, pursuant to Federal Rule of Civil Procedure 16(f), the Court has the inherent ability to "issue any just orders…if a party or its attorney…(c) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f); *see also O2 Micro*, 467 F.3d at 1363. If a party fails to comply with the Court's rules, the Court may impose "any and all

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

sanctions authorized by rule or statute or within the inherent power of the court." *See* Civ LR 83.1. GE acknowledges that requesting the Court to strike contentions is an "extraordinary" remedy. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *12 (N.D. Cal. Apr. 2, 2015) ("Striking a patentee's infringement contentions is a severe sanction."). But MPV's conduct has been extraordinary, as detailed below. MPV has neither been diligent in its review of GE's source code nor has it cured the deficiencies in its charts though it had multiple opportunities to do so. Most egregious, MPV entered a detailed agreement for the content of Second Amended Infringement Contentions, presented it to the Court (which found "good cause" to enter the agreement"), and then violated that agreement in many respects. MPV's actions warrant striking its contentions.

### 3. MPV Has Not Been Diligent

Though GE made available for inspection the source code for the accused products over four months ago, MPV has inspected GE's source code for a total of only eight days. *See* Pollock Decl., ¶ 3. And MPV's expert reviewed the code for only two out of those eight days—back in February 2019. *Id*. MPV first inspected GE's source code in December for two days, and then two months later, in February, 2019—for another two days. *Id*. Thereafter, just two weeks prior to the April 1 deadline to serve its SAICs, MPV inspected the code for four days in March. *Id.*; *see Big Baboon Corp.,* 723 F. Supp. 2d 1224 at 1230 (plaintiff not diligent when it had access to defendant's source code for four months but did not conduct expeditious review of source code.) Also, though MPV requested a higher page limit for printing source code, and GE agreed to increase the limit by 50%, MPV selected for printing only a very limited amount of actual source code for only a few products. *See* Pollock Decl., ¶ 3. It chose, instead, to use most of the printed pages limit on high level descriptions of products and features, table of contents and definitions for some products—not source code. MPV's review of GE's source code has neither been

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   diligent nor expeditious, which warrants striking its contentions.  *See Computer*

2   *Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 824 (E.D. Tex. 2007)

3   (lack of diligence weighs in favor of striking the infringement contentions.)

### 4.   MPV's Was Aware of the Deficiencies, Promised to Cure Them and Did Not – It's Contentions Should Be Stricken

7       Upon service of MPV's deficient Amended Infringement Contentions, GE

8   promptly detailed the numerous deficiencies and provided extensive case law

9   supporting GE's positions.  *See* Pollock Decl., ¶ 4.  MPV agreed to cure the many

10  deficiencies and the parties negotiated an agreement that enumerated detailed

11  requirements for those agreed Second Amended Infringement Contentions.  *See* ECF

12  No. 47 at 6-7.  Specifically, MPV agreed to make a "good faith effort" to cure the

13  deficiencies GE identified and promised to provide pinpoint citations, separate charts

14  for each accused instrumentality, detailed explanation for products it alleged operate

15  in the same manner, and identify combination of accused products specifically.  *Id*.

16  (¶¶ 2a (pinpoint citations), 2c (separate charts), 2d (operate in same manner), 2e

17  (combination of products)).  The parties presented the agreement jointly to the Court

18  and the Court, finding "good cause," granted the Joint Request.  ECF. No. 48.

19      MPV's SAICs, however, violated the parties' agreement in many respects.

20  When GE pointed out numerous deficiencies in those contentions, MPV then served

21  CSAICs—it's fourth set—which were still deficient and also violated the parties'

22  agreement.  *See* Pollock Decl., ¶ 6.  And when GE requested that MPV amend or

23  withdraw its deficient charts, MPV refused to do so.  *Id.*, ¶ 7-9.

24      Courts have stricken infringement contentions without leave to amend where

25  plaintiff failed to cure deficiencies even after having had the opportunity to do so, like

26  MPV in this case.  *See Uni-Splendor Corp. v. Remington Designs, LLC*, No. CV 16-

27  9316 PA (SSX), 2017 WL 4786085, at *2 (C.D. Cal. Aug. 10, 2017) (striking

28

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   infringement contentions without leave to amend noting that "[plaintiff] has not

2   provided [defendant] with the detailed information required by the Court's Order even

3   after having had the opportunity to amend its contentions"); *Shared Memory Graphics*

4   *LLC v. Apple Inc.*, No. C-10-02475 MMC JSC, 2011 WL 3878388, at *8 (N.D. Cal.

5   Sept. 2, 2011) (granting motion to strike certain claim limitations without leave to

6   amend where plaintiff had previously been ordered to amend its infringement

7   contentions to cure deficiencies, plaintiff had "amended its PICs twice."); *Sung v.*

8   *Shinhan Diamond Am., Inc.*, No. CV 14-00530 MWF (EX), 2015 WL 12681306, at

9   *6 (C.D. Cal. June 9, 2015) (striking infringement contentions without leave to amend

10   where plaintiff's third amended infringement contentions did not correct "the

11   problems identified by the Court in its last order, and even on the fourth iteration the

12   contentions remain conclusory, incomplete, and unsupported." ).

13       There is no legitimate excuse or explanation for MPV's failure to cure the

14   deficiencies like it promised.  MPV had notice of those deficiencies, had ample

15   opportunity to cure them but did not, and refuses to do so.  Because MPV's failures

16   and violations of the parties' agreement in numerous ways are so flagrant, striking its

17   contentions is warranted.

18       ### 5.   GE Has Been and Continues To Be Unfairly Prejudiced

19

20       GE has already been unfairly prejudiced by MPV's failure to provide adequate

21   infringement contentions.  GE has been forced to build its defenses without having an

22   understanding of how exactly it is being accused of infringing the asserted claims or

23   which claim terms require construction.  *See Connectel, LLC*, 391 F. Supp. 2d 526 at

24   528 ("Because of these deficiencies, [the alleged infringer] is unable to crystalize its

25   non-infringement and invalidity theories, and the parties are hindered in identifying

26   what claim terms need construction.").  GE also has prepared two sets of invalidity

27   contentions and prepared two Joint Claim Construction Statements and Joint Claim

28

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

1  Construction Worksheets that include the '910 patent for which MPV has not

2  identified any source-code-based theories of infringement.  *See* ECF Nos. 46, 50.  GE

3  also has prepared and will be submitting its opening claim construction brief on May

4  2, 2019, its responsive brief on May 23, and is preparing for the *Markman* Tutorial

5  and Hearing, each of which will include claims that MPV has no apparent good faith

6  basis for asserting.  *See* ECF No. 48, ¶¶ 4-6.

7      By entering into the agreement in the parties Joint Request, MPV induced both

8  the Court and GE to alter and set a case schedule that wastes both judicial and party

9  resources.  MPV's refusal to drop the '910 patent from the case—despite its repeated

10  refusal or inability to identify even one line of source code to support that patent's

11  assertion—has forced GE to analyze the patent, prepare invalidity contentions, select

12  claim terms, develop and disclose claim constructions, prepare an IPR, and prepare

13  *Markman* briefs concerning a patent for which MPV has not provided compliant

14  infringement contentions.  This "shifting sands approach" seeks to create loopholes

15  that the patent rules are designed to prevent and MPV should not be allowed to

16  ambush GE with eleventh hour infringement theories.  *O2 Micro*, 467 F.3d 1355 at

17  1364; *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822

18  (E.D. Tex. 2007) ("The local patent rules 'exist to further the goal of full, timely

19  discovery…not to create supposed loopholes through which parties may practice

20  litigation by ambush.'").

21  **V.  CONCLUSION**

22      For the foregoing reasons, GE respectfully requests that the Court enforce the

23  parties' agreement and its Order and:

24      a)  compel MPV to amend its infringement charts for Exs. 1a, 1b, 1d, 1h, 1i, 2a,

25          2b, 2c, 2d, 2j, and 2k to include pinpoint citations to source code for each

26          claim element MPV contends is implemented in software, where such

27          pinpoint citations should include full directory path[s], file name[s], function

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

1    or procedure name [s], and line numbers, and provide detailed explanation

2    for how such source code maps to each element of each asserted claim,

3    b) strike MPV's contentions for the Exs. 1c, 1e, 1f, 1g, 2e, 3a and 3b, and

4    c) stay all future deadlines in this case until 30 days after MPV serves its

5    revised contentions and that the scheduling order be modified accordingly.[10]

6    d) provide any other relief the Court may deem proper in light of GE having to

7    spend resources due to MPV's deficient contentions.[11]

8

9    DATED: May 2, 2019                        Respectfully submitted,

10                                             By:  */s/ David T. Pollock*
                                                  _____

11                                                David T. Pollock (SBN 217546)

12                                                Email: dpollock@reedsmith.com
                                                  Jonathan I. Detrixhe (SBN 258946)

13                                                Email: jdetrixhe@reedsmith.com

14                                                REED SMITH LLP

15                                                101 Second Street, Suite 1800

16                                                San Francisco, CA 94105-3659
                                                  Telephone: +1 415 543 8700

17

18                                                Brian D. Roche (*pro hac vice*, Illinois
                                                  Bar No. 6183795)

19                                                Email: broche@reedsmith.com

20                                                Jillian L. Burstein (pro hac vice, Illinois
                                                  Bar No. 6312448)

21                                                Email: jburstein@reedsmith.com

22                                                REED SMITH LLP

23    [10] *See InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 WL

24    23120174, at *4 (N.D. Cal. Dec. 1, 2003) (staying defendant's contentions until 45
      days after plaintiff filed amended disclosures.)

25    [11] Courts have granted monetary relief in similar situations. *Zix Corp.*, 2016 WL
      3410367, at *3 (granting motion to strike infringement contentions and awarding

26    defendants $5000 towards costs and fees attributable to bringing the motion);
      *California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*,

27    No. 4:10-CV-05067 CW (NC), 2011 WL 4505239, *2 (N.D. Cal. Sept. 27, 2011)
      (awarding accused infringer attorneys fees in connection with its motion to compel the

28    patentee to serve proper infringement contentions.)

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

*Attorneys for Defendants GE Healthcare,
Inc. and General Electric Co. and
Counterclaimant-Plaintiff General
Electric Co.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 3:18-cv-01158-JLS-JLB

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE
COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER INFRINGEMENT CONTENTIONS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE COMPLIANT INFRINGEMENT CONTENTIONS AND STRIKE OTHER CONTENTIONS** via the Court's CM/ECF system per Civil Local Rule 5.4 on this date.

DATED: May 2, 2019          By:    */s/ David T. Pollock*
                                   David T. Pollock

REED SMITH LLP
A limited liability partnership formed in the State of Delaware